Case 41—PETITION EQUITY—December 11.

# City of Lexington on Appeal.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. CONSTITUTIONAL LIMITATIONS UPON INDEBTEDNESS OF CITIES.—Where cities had been specially authorized by legislation enacted prior to the new Constitution to contract an indebtedness for public improvements, they had the power to make such contracts in pursuance of this previous authority even after the adoption of the Constitution—at any rate until such time as the General Assembly should provide by general laws for their government—although the indebtedness thus created may have increased their indebtedness beyond the limits prescribed by sections 157 and 158 of the Constitution.

2. SAME.—Under a provision oi the charter of cities of the second class, the general council of a city of that class has power to issue city bonds for an amount sufficient to pay for any public improvement authorized to be constructed under laws enacted prior to the date of that charter, or for the completing and carrying out any contract made for the construction of any such improvement.

3. VALIDITY OF CITY ORDINANCES—WRIT OF PROHIBITION.—Under

the charter of cities of the second class, the validity of city ordinances and by-laws may be tried by writ of prohibition from the circuit court or upon *ex parte* petition of the city or any *bona fide* citizen and resident thereof to the circuit court, with right of appeal in any event to this court.

BRONSTON & ALLEN FOR APPELLANT.

1. A city of the second class, having contracted for the reconstruction of its streets under the authority of legislative enactment prior to the adoption of the new Constitution, may provide for the payment for such work, and an ordinance authorizing the issual of bonds for that purpose is not subject to the provisions and limitations of sections 157 and 158 of the Constitution. (Byrne, Solicitor, v. City of Covington, 15 Ky. L. R., 33; Holzhauer v. City of Newport, 15 L. R., 188; Constitution of Ky., secs. 157, 158, 166; Kentucky Statutes. sec. 3072 )

2. The bond issue would be lawful even though the court should hold that the limitations of sections 157 and 158 of the Constitution were binding, since the statement of facts in the petition shows that the rate of taxation as limited in the Constitution has not been exceeded, that the limit of indebtedness, bonded and floating, has not been reached, and that the indebtedness proposed does not exceed the revenue provided for the year in which it was created.

3. An act having been passed by the General Assembly authorizing the city of Lexington to reconstruct its streets in brick, requiring the city to pay one-third thereof, and the abutting property holders to pay two-thirds, and authorizing the city to issue its bonds to pay for the city's portion, and to lend its credit to the property holders by issuing special bonds, reserving a lien to pay same upon the property abutting, and providing that said bonds should be paid no other way, the special bonds so issued are not an indebtedness of the city within the meaning of the statute, and the indebtedness of the city, consequently, does not exceed the revenue provided for the year. (Beach on Public Corporations, vol. 2, p. 839, and notes; Idem, vol. 1, p. 841, and notes; Quill v. City of Indianapolis, 124 Ind., 292; Davis v. City of Des Moines, 71 Iowa, 600; Dively v. Cedar Falls, 27 Iowa, 227.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The charter of cities of the second class provides that the validity of city ordinances and by-laws may be tried by writ of prohibition from the circuit court or upon *ex parte* petition of the city, or any *bona fide* citizen and resident thereof, to the circuit court,

with right of appeal in any event to this court. In this case, the city of Lexington, a city of the second class, by its *ex parte* petition to the Fayette Circuit Court, seeks to try the validity of an ordinance of its general council, passed in October, 1894, providing for the issual of the bonds of the city for the sum of one hundred and fifty thousand dollars in payment of a debt, the contraction of which was specifically authorized by an act of the General Assembly in April, 1890.

The act was in the form of an amendment to the charter and authorized the city to reconstruct its streets in brick, requiring it to pay one-third of the cost thereof and the abutting property owners the residue.

The first ordinance providing for such reconstruction in pursuance of the amendment of April, 1890, was adopted in July of that year, and successive ordinances were adopted from time to time for other parts of the work until the one in question providing for the issual of bonds in payment for the work. Its validity is questioned on the ground that the indebtedness for which it provides payment was in fact contracted since the adoption of the Constitution, and is in excess of that authorized by sections 157 and 158 thereof.

There was no submission of the question to the voters of the city, whether or not the indebtedness should be contracted, and none was required under the amendment of 1890. Without going into a discussion of the objects of those sections of the Constitution limiting the power of city governments to contract debts, it seems to us that the question involved here, in effect has been determined by this court in at least three cases. In Byrne, Solicitor, v.

City of Covington, 15 Ky. L. R., 33; Aydelott v. Town of South Louisville, 16 Ky. L. R., 166, and in Holzhauer v. City of Newport, 94 Ky., 396, it was held that in cases where cities had been specially authorized, prior to the adoption of the Constitution, to contract an indebtedness for public improvements by amendments to their charters, or acts in the nature of amendments, they might lawfully make such contracts in pursuance of this previous authority, even after the adoption of the Constitution; at any rate until such time as the General Assembly should provide by general laws for their government.

The General Assembly, in March, 1894, did provide a charter for cities of the second class, and, on the question involved here, said : " The general council shall have power to issue city bonds for an amount sufficient to construct, complete and pay for any sewer, building or other public improvement authorized to be constructed under laws heretofore enacted, or for the completing and carrying out any contract made for the construction of any such sewer, building or improvement." (Kentucky Statutes, section 3072.)

It seems to us that the construction given by this court to the sections of the Constitution supposed to be violated, and the subsequent legislation adopted in accord with that construction, leave nothing further to be desired on the point involved in this case.

It is argued with confidence that the aggregate indebtedness of the city, when its existing and proposed indebtedness shall have been added, will not exceed the constitutional limit. We need not consider this contention.

For the reasons indicated, the ordinance in question is valid, as are the bonds issued in pursuance thereof. Judgment affirmed.