CASE 77—INJUNCTION—OCTOBER 27.

# Smith v. Mercer County, Etc.

APPEAL FROM MERCER CIRCUIT COURT.

REFUNDING BONDS—POWER TO ISSUE—"BONDS MATURED OR SUBJECT TO CALL" UNDER ACT OF AUGUST 16, 1892.—Under the act of August 16, 1892, authorizing counties through their Fiscal Courts to issue bonds to refund any "outstanding bonds matured or subject to call," a county may issue such bonds where the holder of the bonds sought to be refunded consents to receive the new bonds in lieu of the old, although they may not be technically either "matured or subject to call."

P. B. THOMPSON FOR APPELLANT.

The county had no power to issue refunding bonds unless the old bonds were; (1), matured or subject to call; (2), legally issued; (3), prior to September 28, 1891; and (4), for railroad or other purposes. The bonds sought to be refunded were neither matured nor subject to call.

C. A. HARDIN FOR APPELLEE.

The evident object and intent of the Legislature in passing the refunding act was in all cases where there was any outstanding indebtedness against a county legally issued prior to September 28, 1891, for railroad purposes or otherwise, to authorize and empower the fiscal court of the county to refund such indebtedness upon the terms and in the manner indicated in said act. The bonds were matured or subject to call within the meaning of the refunding act by the agreement of the parties, obligor and obligee.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

January 10, 1887, the county judge, on behalf of the county of Mercer, subscribed $125,000 to the capital stock of the Louisville Southern Railroad Company, and, to pay therefor, issued $125,000 of county bonds, of which, in Au-

Smith v. Mercer County.

gust, 1888, there was delivered to said company $105,000
of bonds, with interest coupons attached, the bonds being
numbered serially from 1 to 105, each bearing interest at
the rate of 5 per cent., and payable on or before January
10, 1917; but each contained the following clause: "If the
county of Mercer shall determine to pay any part of said
series of bonds before the end of thirty years after their
date, the county judge shall give at least three months'
notice of such intention by a publication in a newspaper
in Harrodsburg, Louisville, and New York City, stating
the time when said bonds will be paid; and such call of
bonds shall be made consecutively, and not more than
$25,000 of bonds shall be called in one year. Interest on
the bonds so called shall cease at the end of three months
from the publication of said call; provided, the county
shall have on deposit, at the place of payment, the amount
of money necessary to pay the bonds named in said call."
It appears that no interest has been paid on these bonds
since January, 1892, and that the principal and interest
unpaid has amounted to $145,000 or more; wherefore the
fiscal court of that county, September 7, 1898, made an
order to call in said indebtedness, and to issue, in place of
the old bonds, new bonds to the amount of $145,000, bear-
ing 4 per cent. interest, a specified number of them to be
paid five years after date, and each succeeding year there-
after, and none to run longer than thirty years. Subse-
quently these bonds were offered in open court to the high-
est bidder, and purchased at their face value by appellee,
Thompson. Wherefore appellant brought this action to en-
join the fiscal court from executing, issuing, or delivering
said bonds to the purchaser.

Authority to the various county courts of this Com-
monwealth to call in outstanding county bonds matured

or subject to call, issued prior to September 28, 1891, and to issue and substitute therefor new bonds, was conferred by act of August 16, 1892, now section 1852, Ky. Stat. And the only question presented in this case or made by counsel is whether that statute authorizes the action of the County Court complained of. It is contended for the appellant that the old county bonds had not, in language or meaning of that act, either matured or become subject to call at the time the County Court ordered new ones executed. In our opinion that statute was enacted in the interest and for the relief of the various counties of this State oppressed with indebtedness. And as it is agreed by the parties that the holders of the old bonds mentioned had waived their right to postpone payment thereof, and agreed to substitute the old for the new bonds, evidently the former were at the time the order of the fiscal court was made, to every intent and purpose of the statute, subject to call of the County Court. There is nothing in the limitation contained in the old bonds as to the amount thereof the county had a right to pay, and the conditions upon which it could pay, that restricts its power to now make them all subject to call, holders of the bonds consenting, as they do, thereto; for the restriction was put in the bond for the benefit of the latter. In our opinion, the fiscal court of Mercer county has full power to substitute the new bonds for the old, as it has undertaken to do; wherefore judgment of the lower court denying application for the injunction is affirmed.