CASE 94—IN EQUITY—NOVEMBER 22.

# Richmond Cemetery Company v. Sullivan, Judge, Etc.

### APPEAL FROM MADISON CIRCUIT COURT.

REFUNDING COUNTY INDEBTEDNESS—CONSTITUTIONALITY OF SECTION 1852 OF KENTUCKY STATUTES.—The county of Madison having outstanding $112,000 of bonds executed in 1889 and payable in thirty years at 5 per cent. interest, undertook to refund said indebtedness at 4 per cent. interest, and this action was brought by a bond-holder to enjoin the county from consummating this purpose. It is held by the court that section 1852 is not a violation of section 157 of the Constitution, which relates to the tax rate of cities, towns and counties, nor to section 158, which relates to the creation of original indebtedness by them, nor to section 159, which provides for the collection of tax sufficient to pay the interest on such original indebtedness.

No brief on file for the appellant.

J. TEVIS COBB, FOR APPELLEE, MADISON COUNTY, KY.

The questions of law at issue in this case are all settled in the case of Smith v. Mercer County, recently decided, 20 Ky. Law Rep., 812. See also Commissioners of the Sinking Fund of Louisville v. Zimmerman, 19 Ky. Law Rep., 689.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1889, bonds of Madison county, of the face value of $125,000, bearing interest at the rate of 5 per cent., and payable in thirty years, were issued and sold to pay a subscription to the capital stock of the Richmond, Nicholasville, Irvine & Beattyville Railroad Company, made on behalf of that county. This action was brought by the Richmond Cemetery Company, a corporation, owning one of these bonds, to enjoin the Madison Fiscal Court from calling in the original bonds, and issuing and selling in lieu thereof new bonds, bearing interest at the rate of 4 per cent. S. D. Parrish, a citizen and taxpayer of Madison county, filed an answer and cross petition against the Madison Fiscal Court, the answer of which had been previously filed. In his cross petition he puts in issue the validity of the subscription to the capital stock of said railroad company, and of the original bonds issued in payment thereof, and also denied the legal right of the fiscal court to issue the new bonds. By the judgment appealed from, demurrer to the petition of plaintiff, the Richmond Cemetery Company, also to the cross petition of Parrish, was sustained, and the injunction asked for denied.

Legal existence of the Richmond, Nicholasville, Irvine & Beattyville Railroad Company, its authority to receive subscriptions of stock to its capital stock by counties, as well as authority of counties through which its railroad passes to issue bonds to pay such subscription, have been more than once considered and recognized by this court. The legality and regularity of the proceeding in which the subscription was made and the original bonds issued by the Madison Fiscal Court, as well as of that in which they are called in, and new bonds are issued, are made, by the record in this case, to satisfactorily appear. It also appears,

and is admitted by the plaintiff, that, by the terms of the subscription of stock and of the original bonds, they were made redeemable in whole or in part, at the option of the county, at any time after five years from their date. There can be no question about the policy and advantage to the county of calling in the old bonds, and issuing of the new bonds; for not only will a reduction of 1 per cent. interest be secured, but the new bonds have already been sold at a premium conditioned upon the legality of the action of the County Court being judicially determined. It appears that the original issue of $125,000 of bonds has been reduced by payments to $112,000. And a question is made as to the power of the fiscal court to issue new bonds to the full amount of the latter sum, as the sum of $3,360 is contracted to be paid by the purchaser of the new bonds in the way of a premium. But as there will be cost and expenses of issuing and selling the new bonds, about the necessity for and amount of which the fiscal court is the proper judge, we will not undertake to decide as to the propriety of their action in that respect.

Section 1852, Ky. Stat., contemplates the necessity and advantage to counties burdened with bonded debt, and expressly authorizes the calling in of outstanding bonds, and the issue of new bonds in lieu of them, whenever it can be done with profit and advantage to such county. The validity of that statute and authority of a fiscal court of a county to so call in old, and issue in lieu thereof new, bonds, in pursuance of its provisions, was expressly recognized by this court in the case of Smith v. Mercer Co. (104 Ky., —) (decided at the present term) [47 S. W., 596]. Neither section 157; which relates to the tax rate of cities, towns, and counties, nor section 158, which relates to the creation of original indebtedness by them, nor section 159

of the Constitution, which provides for collection of tax sufficient to pay the interest on suc⟨h⟩ original indebtedness, was intended to, or does, prohibit legislative power enacting a statute like section 1852. Judgment affirmed.