CASE 20—ACTION TO ENJOIN COLLECTION OF TAX.—March 6.

# Mayfield Woolen Mills, &c., v. City of Mayfield, &c.

### APPEAL FROM GRAVES CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. AFFIRMED.

MUNICIPAL CORPORATIONS—CONSTITUTIONAL LIMITATION OF TAX RATE AND INDEBTEDNESS—CONCLUSIVENESS OF COUNCIL'S DECISION AS TO NECESSITY OF TAX.

Held: 1. A contract by a city with a water company for the payment of water rent, which was entered into prior to the adoption of the Constitution, created an "indebtedness," within the meaning of Constitution, section 157, providing that the tax rate of cities having less than 10,000 inhabitants shall not exceed, for other than school purposes, 75 cents on the $100, "unless it should be necessary to enable such city . . . to pay the interest on, and provide a sinking fund for the extinction of, indebtedness contracted before the adoption of this Constitution."

2. The authority given the city to levy a tax to pay interest on, and provide a sinking fund for the extinction of an indebtedness authorizes the levy of a tax to pay installments of such indebtedness which, by the terms of the contract creating it, fall due from year to year.

3. The court can not inquire as to the necessity of a tax levy made by a municipal council within the limits prescribed by the Constitution."

4. A tax levy, within the constitutional limit for the payment of current expenses, is not rendered void by reason of the fact that the intention is to pay it to parties with whom the city has a void contract for lighting the city.

ROBERTSON & THOMAS AND CROSSLAND & WEBB, ATTORNEYS FOR APPELLANTS.

D. G. PARK & W. K. WALL, FOR APPELLEES.
(No briefs in the record).

OPINION OF THE COURT BY JUDGE DuRELLE—AFFIRMING.

Appellants, taxpayers of the city of Mayfield, brought suit against the city and its tax collector, seeking to enjoin the collection of 25 cents of the tax rate of $1 on the $100 worth of taxable property, levied for the year 1900. By the averments of the petition, it appears that Mayfield is a city of the fourth class; that in all the years since it became a city of the fourth class, until the year 1900, it levied a tax of only 75 cents on the $100; that the city had not created more indebtedness for the year 1900 than existed for any of the preceding years; and that the rate of taxation complained of was not for school purposes, nor necessary to enable the city to pay interest on indebtedness previously contracted, nor to provide a sinking fund for the extinguishment of indebtedness contracted before the adoption of the Constitution. For the year 1900, the levy ordinance fixed the rate of taxation at $1 on each $100 worth of property, the ordinance providing that "seventy-five per cent. of such tax is levied for the purpose of paying the current expenses of the city of Mayfield for the year 1900, other than the water rent, and twenty-five per cent. of the tax is levied for the purpose of paying the Graves County Water & Light Company for rent of water for the year 1900, said debt for water having been contracted for, and being an existing indebtedness against

said city, at and prior to the adoption of the present Constitution of Kentucky." It was averred that the ordinance, to the extent of 25 per cent. of the taxes levied by it, was void, under section 157 of the Constitution. A demurrer having been sustained to the petition, an amended petition was filed, averring that at the adoption of the present Constitution, and continuously since that time Mayfield has been a city of more than 3,000, and less than 8,000, inhabitants; that it was made a fourth-class city by the act of the General Assembly approved September 30, 1892, and that the act of the government of cities of the fourth class became a law June 28, 1893; that under subsection 2, section 3490, Kentucky Statutes, being part of the act for the government of cities of the fourh class, the city has power to levy an *ad valorem* tax of 75 cents only on the $100 worth of property, and in addition not exceeding 50 cents on the $100 worth of property for the maintenance of schools, and not exceeding 50 cents to meet the principal and interest of any bonded debt thereinafter authorized, such bonded debt referred to being the bonded debt authorized to be incurred by a vote of the people; that the indebtedness sought to be met by the taxes complained of was not created by a vote of the people, nor were such taxes for school purposes, or for the erection or improvement of any public school building or buildings, nor levied under the provisions of any law existing prior to the adoption of the present Constitution, nor was such "indebtedness contracted under any law providing for any levying or collecting any taxes" by the city. It was further alleged that the boundary of the city has not been changed; that there are no more streets to be kept in repair, and no more necessity for an increase of the current expenses, than had existed continuously since the adoption of the Constitu-

tion, and that all the current expenses of the city, and the indebtedness for which the tax complained of was levied, had been paid in prior years with the levy of only 75 cents on the $100 worth of property; and that the assessed valuation of the property in the city had continuously increased during that period, and that the increased rate of 25 cents was not necessary to enable the city to pay that indebtedness. It was further alleged that, without any vote of the people, the city had increased its annual indebtedness in the sum of $8,581, the averments showing that this increase of annual indebtedness was an increase of expenses caused by increasing the number of policemen, the number of street lights, for brick streets, etc., and that the city had no right to contract such increased indebtedness, or any indebtedness which, added to the existing one, would necessitate the 25 per cent. increase of the tax rate. In an additional paragraph, it was alleged that in 1893 the city entered into a contract with the Graves County Water and Light Company, in which it agreed to pay the company the sum of $1,660 per year for ten years thereafter to furnish electric lights for the city, and that by that contract it became indebted to the Graves County Water and Light Company in the sum of $16,600; tha only two years of its contract with that company for water hydrants had then expired, and it was liable on that contract for 23 years, at $3,840 per year, or a total sum of $88,320; that the assessed value of the taxable property of the city for the year preceding the year the additional contract for lights was made was $1,200,000, and that the existing indebtedness for water hydrants exceeded 5 per cent. of the assessed value of the taxable property of the city, and therefore the contract for the electric lights was in violation of section 158 of the Constitution; that 16 cents

of each dollar of the tax levied, was levied for the purpose of paying what was due on the contract for said lights for the year 1900, and that the levy was void to that extent. A demurrer to the petition as amended was sustained, and, the plaintiff declining to plead further, the petition was dismissed.

A number of questions are made as to misjoinder of plaintiffs, departure in the amended petition, and upon motions to strike out parts of the pleadings; but, in the view we have taken of the law of the case, it is not necessary to determine any of these.

By section 157 of the Constitution, which is relied on in the original petition, it is provided that the tax rate of cities having less than 10,000 inhabitants shall not exceed, for other than school purposes, 75 cents on the $100, "unless it should be necessary to enable such city . . . to pay the interest on, and provide a sinking fund for the extinction of, indebtedness contracted before the adoption of this Constitution." The contention, therefore, upon the original petition, is that, admitting the contract for water hydrants to be an indebtedness existing at the time the Constitution was adopted, nevertheless, because a tax rate of 75 cents had, for a number of years after the adoption of the Constitution, been sufficient, not only to pay the current expenses of the city, but also to provide for the current installment due under that contract, such current expenses should never be increased so as to require a tax levy in addition to the 75-cent rate to meet such liability existing at the time of the adoption of the Constitution, or, at least, that the expenses should not be so increased unless there existed a necessity for the increase, and that the courts must determine the existence of the necessity.

It is nowhere averred that the contract with the water company for water rent had not. been entered into prior to the adoption of the present Constitution, though some of the averments of the amended petition seem framed with the intention of approaching such an averment, and the existence of the facts relied upon to make the tax illegal should appear clearly by the averments. Indeed, appellants' brief seems to concede the existence of this contract, and it is practically conceded by the recital in the amended petition averring the length of time it had run when the additional contract for lights was entered into. That the contract thus existing at the date of the adoption of the Constitution was an indebtedness, within the meaning of section 157, seems to be settled beyond all question by the case of Beard v. City of Hopkinsville, 95 Ky., 239 (15 R. 756) 24 S. W., 872, 23 L. R. A., 402.   It follows, therefore, that unless the courts can inquire into the necessity of a tax levy made by the municipal legislature within the limits prescribed by the Constitution, this objection can not be sustained. It seems to be well settled that such inquiry can not be made. "The tax in question was authorized by the city charter, and in such case whether its imposition be necessary is a matter for the detemination of the taxing power." Anderson v. City of Mayfield, 93 Ky., 234 (14 R., 370) 19 S. W., 598.

The 25-cent levy is also objected to upon the ground that the provision of section 157, above quoted, provides only for the levy of a tax  to pay the interest on, or to provide a sinking fund for .the extinction of, such pre-existing indebtedness, and does not authorize a levy to pay the debt directly.   Subsection 26, section 3490, Kentucky Statutes, was adopted by virtue of section 157.   It provides that nothing in the act "shall be construed to prevent any city

having an indebtedness contracted under laws existing
at the date of the adoption of the present Constitution of
Kentucky from levying and collecting such tax for the pay-
ment of such indebtedness, and the interest thereon, as
are provided for in such laws, in addition to the tax here-
in authorized to be levied and collected." This indebted-
ness was not only contracted in accordance with laws in
existence at the date of the Constitution of which we take
judicial notice, but was itself contracted before the adop-
tion of that instrument. That contract could not be affect-
ed or invalidated by the adoption of the Constitution. See
Freeman's note to Beard v. City of Hopkinsville, 44 Am.
St. Rep., 241.

Nor are we able to see the force of the contention that the
express exception authorizing the city to levy a tax to
pay interest on, and provide a sinking fund for the ex-
tinction of, an indebtedness, does not include in its terms
authority to levy such a tax to pay installments of such
indebtedness, which, by the terms of the contract creating
it, fall due from year to year. In construing section 158
of the Constitution, this court, through Judge Hazelrigg,
in Holzhauer v. City of Newport, 94 Ky. 405 (15 R. 188) 22
S. W., 754, said: "But in express terms the limitation of ten
per cent. may be exceeded when the proposed indebtedness
'has been authorized under laws in force prior to the adop-
tion of this Constitution.' There is no limit indicated to
this excess. From the very nature of the case, there could
be none. At least the actual condition of the cities and
towns, with respect to the sums they owed, could not be
affected by the Constitution. These debts, however large,
and by whatsoever extent they might in fact exceed the
conservative limit imposed under the Constitution, could not
be legislated out of existence."

When we come to consider the amendment, we find the basis of the contention to a large extent changed. Waiving the question of departure, we find it contended that because the aggregate amount of the annual payments to be made under the water contract during the whole period of the contract will be $88,320, and the indebtedness provided for by the contract for lights would amount to $16,600, the tax levy of 16 cents for rent of lights provided for by the levy ordinance, set out in full in the petition, is invalid, under section 158 of the Constitution, because the aggregate indebtedness under both the contracts referred to is more than 5 per cent. of the total taxable property in the year 1892, which was the year before the second contract alleged was entered into. We must read these averments of the amended petition in connection with the provisions of the ordinance set out in the original petition, for the averments themselves show that they are made with reference to those provisions. The ordinance does not show that the levy of 16 cents is to pay a pre-existing indebtedness, but, on the contrary, that it is to pay a part of the current running expenses of the city for that year, and to that extent limits and controls the averments of the amended petition.

Whether the 16 cent levy is in fact to be paid in compliance with such a contract as the one alleged in the amendment becomes immaterial, for the same pleading admits that this very levy is to pay a part of the current expenses for that year. Being for current expenses, and within the constitutional limitation for that purpose, it makes no difference whether it is intended to pay it to the parties with whom the city has a void contract or not. The only question is, whether it is a necessary current expense, and that question is to be settled by the municipal council,

which alone has the jurisdiction to decide it. We are not deciding that, in a proper proceeding, the contract complained of may not be declared void, or its execution enjoined. But if in such proceeding, such judicial action were already taken, it would still be necessary to run the city; the city government would still live for that purpose, and would still have the power to make a levy of 16 cents on the $100 to provide for city lights. Nicholasville Water Co v. Board of Councilmen, 18 R., 592 (36 S. W., 549). Whether the contract is void or not is not now the question. The question here is solely as to the powers of the municipality to levy a tax for current expenses within its constitutional limitation. "In all legal proceedings, after proper evidence is given of municipal action, it is always to be assumed that the municipality, whether represented by its people or by its official board, has acted wisely and well upon all matters of policy and of discretion which have been submitted to it, and that the conclusion was warranted by the facts and circumstances which were the basis of its action. The courts have no power to review their action so long as they are found to have kept within the limits of their authority. The Legislature, which gives and recalls, at pleasure, the power to tax, may do so, but not the courts." Cooley on Taxation, 2d Ed., 342. For the reasons given, the judgment is affirmed.

Whole court sitting.