CASE 95.—ACTION BY S. A. CULBERTSON AGAINST THE CITY OF LOUISVILLE AND OTHERS.—May 24, 1910.

## Culbertson v. City of Louisville.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

Judgment for defendants, plaintiff appeals.—Affirmed.

1. Municipal Corporations—Fiscal Management—Submission of Question to Voters.—Const. section 157, prohibiting a municipality from becoming indebted to an amount exceeding in any year the revenue provided for that year without the vote of two-thirds of the electors, applies only to the creation of a new debt, and does not prevent the renewal of an existing debt without such a vote.
2. Municipal Corporations—Fiscal Management—Bonds—Validity.—That refunding waterworks bonds secured by mortgage were issued in the name of the Louisville Water Company, while the title to the mortgaged property was in the city, would not affect the validity of the bondholders' lien.

ARTHUR PETER for appellant.

CARROLL & MIDDLETON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant, a citizen and taxpayer of the city of Louisville, instituted this action to prevent the issual and sale of $500,000 worth of refunding bonds due in 40 years. Appellant contends that it would be placing a debt upon the city beyond the constitutional limitation, and the bonds would be void without first submitting the matter to a vote of the people of the city and obtaining the consent of two-thirds of the voters, which has not been done. A demurrer was sustained to the petition, and, appellant declining to plead further, the action was dismissed.

The facts, as they appear in the petition, are that the $5,000,000 in bonds, which are to be settled by the issual of the new bonds, were issued and sold in the year 1890 by the board of waterworks, and are a lien upon the waterworks property, draw 5 per cent. interest and will be due in August, 1910, and it is proposed to issue these new bonds at 4 per cent. interest to raise the money to pay them. These new bonds are also to be a lien on the waterworks property and no other. Section 157 of the present Constitution was made to prevent a municipality from incurring a new debt above the limitation named therein without submitting the question to the voters, the taxpayers. It does not prevent the renewing of a previously existing debt. The case of Gaulbert v. City of Louisville, 97 S. W. 342, 30 Ky. Law Rep. 50, is conclusive of the question involved on this appeal.

The judgment is affirmed.

EXTENDED OPINION BY JUDGE SETTLE—June 17, 1910.

Upon request of appellant and appellees, expressed in the petition of both for an extension of

the opinion herein, we now hold that the fact that the bonds involved in the case are issued in the name of the Louisville Water Company, while the title to the property embraced in the mortgage is in the city of Louisville, does not affect the validity of the lien of the bondholders.

The extension is therefore granted as herein indicated.