## City of Newport v. Glazier, et al.

(Decided May 15, 1917.)

Appeal from Campbell Circuit Court.

1. Municipal Corporations — Ordinances — Validity — Proceeding to Test.—Under section 3063, Kentucky Statutes, the validity of an ordinance of a city of the second class may be tested by an ex parte petition to the circuit court on behalf of a bona fide citizen or resident thereof.

2. Municipal Corporations—Ordinances—Validity—Ex Parte Proceeding to Test—Questions for Determination.—In an ex parte proceeding brought by a citizen, pursuant to section 3063 of the Kentucky Statutes, to test the validity of an ordinance, the court will not determine whether the ordinance in question impairs contract rights acquired under other ordinances, where the person affected is not a party to the proceeding, but will determine only whether the ordinance was properly passed, and if properly passed, was a valid exercise of power by the municipality.

3. Municipal Corporations—Ordinances—Referendum Election—Publication of Proposed Ordinance—Necessity For—Election—Validity.—Subsection 25, section 3235c of the Kentucky Statutes, providing that "whenever a question of passage of a proposed ordinance, or of the going into effect, or the repeal, or the amendment of an ordinance, is to be submitted to the voters at an election, the board of commissioners shall cause the proposed ordinance or ordinances, or the ordinance and amendment, as the case may be, to be printed once in the official newspaper of the city, and in such other newspapers as the board of commissioners may direct,

before such election," is mandatory, and unless the ordinance is published as therein provided the election is invalid.

BRENT SPENCE for appellant.

FRANK V. BENTON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is an *ex parte* proceeding by W. L. Glazier, William A. Patterson, and John J. Fischer, citizens and residents of the city of Newport, to test the validity of "An ordinance regulating the operation of street cars and street railways within the city of Newport, Kentucky, and in and upon all streets, avenues and other public ways within said city, fixing and limiting the rates of fare which may be charged for passage, upon said cars and railways and the schedules governing the operation of said cars and providing for and regulating the issuance and acceptance of transfers thereon." The petition attacked the validity of the ordinance on numerous grounds. Notice of the proceeding was served on the city, which appeared and interposed a general demurrer to the petition. The demurrer being overruled and the city having declined to plead further, the ordinance was adjudged invalid. The city appeals.

The petition discloses the following facts: Pursuant to an ordinance of the city of Newport, which became effective July 18, 1906, the South Covington and Cincinnati Street Railway Company, on August 9, 1906, acquired a franchise to operate a street railway on certain streets in the city. On June 27, 1916, another street railway franchise ordinance was enacted by the board of commissioners. This ordinance prescribed the terms and conditions of the franchise and provided for its sale at public bidding. After due advertisement this ordinance became effective on July 7, 1916. Thereafter a resolution was passed calling for bids. The South Covington and Cincinnati Street Railway Company was the only bidder, at the price of $500.00 per month during the life of the franchise. On August 1, 1916, a resolution was adopted, accepting its bid. On August 10, 1916, a petition signed by the requisite number of legal voters of the city was filed with the city recorder, requesting a referendum on the resolution. On September 19, 1916, the

board of commissioners passed a resolution providing for the submission to the voters of the city, at the regular election to be held on November 7, 1916, the question whether the resolution accepting the bid of The South Covington and Cincinnati Street Railway Company should go into effect. The only publication of the resolution calling for the election was in the abstract of the official proceedings of the board of commissioners. The majority of the votes cast upon the question was in the negative.

On July 25, 1916, there was presented to the board of commissioners a petition signed by the requisite number of voters of the city of Newport, requesting the board to pass the ordinance whose validity is assailed in this proceeding. The board of commissioners did not pass the proposed ordinance, but on September 19, 1916, passed a resolution submitting to the voters, at the regular election on November 7, 1916, the question whether the proposed ordinance should be passed. At that election the majority of the votes cast was in the affirmative. It further appears, however, that the proposed ordinance was not printed or published in the official newspaper of the city, or in any other newspaper at any time prior to the election.

This character of proceeding to test the validity of the ordinance in question is authorized by section 3063 of the Kentucky Statutes, which provides, in substance, that the validity of city ordinances and by-laws may be tried by writ of prohibition from the circuit court, with right of appeal to the Court of Appeals, or upon *ex parte* petition by the city, or any *bona fide* citizen and resident thereof, to the circuit court, with right of appeal. Shoemaker v. Hodge, 111 Ky. 436, 63 S. W. 979; City of Lexington on Appeal, 96 Ky. 258, 28 S. W. 665. In such a proceeding, however, we will not undertake to determine whether the ordinance in question impairs contract rights acquired under other ordinances, where the person affected is not a party to the proceeding, but will determine only whether the ordinance in question was properly passed, and if properly passed, was a valid exercise of power by the municipality.

Subsections 23, 24 and 25 of section 3235c of the Kentucky Statutes, are as follows:

"23. Ordinances—Protests—Submission to Voters. If during the ten days next following the passage of any

such ordinance as cannot within said ten days become effective, a petition signed by a number of voters equal to at least 25 per centum of the total number of votes cast for both candidates for mayor at the last preceding regular election for mayor, stating the residence of each signer, and verified as to signatures and residences by the affidavits of some one or more persons, shall be presented to the board of commissioners, protesting against the passage of such ordinance, such ordinance shall be suspended from going into effect, and shall be reconsidered by the board of commissioners. If such ordinance be not then repealed, the board shall submit to the voters of the whole city at either a special or a regular election according to law, the following question: 'Shall the ordinance (briefly describing it), go into effect?' And if a majority of the votes cast upon such question be in the negative, the ordinance shall not go into effect. But if a majority of the votes cast upon such question be in the affirmative, the ordinance shall go into effect as soon as the result is officially ascertained and declared.

"24. Petition to Pass Ordinance—Repeal or Amendment of Ordinance. If a petition signed by a number of voters equal to at least twenty-five per centum of the total number of votes cast for both candidates for mayor at the last preceding regular election for mayor, stating the residence of each signer, and verified by affidavits of some one or more persons as to the signatures and residences, requesting the board of commissioners to pass an ordinance therein set forth—if such petition be presented to the board of commissioners, and if the ordinance therein requested to be passed be one that the board has a legal right to pass, then the board shall either pass such proposed ordinance without alteration, within ten days after such petition is filed, or submit the question of its passage to the voters of the city at the next regular election. At such election the question submitted shall be: 'Shall the proposed ordinance (briefly describing it), be passed?' If the majority of the votes cast upon said question be in the affirmative, the proposed ordinance shall be thereby passed, and shall become effective, as soon as the result is officially ascertained and declared. And such ordinance shall not be amended or repealed, except by the voters at a regular biennial city election. Any number of proposed

ordinances requested by petition as above provided for may be voted on at any election.

"The board of commissioners may submit the question of the repeal or amendment of any such ordinance to the voters at any succeeding regular city election; and if a majority of the votes cast on such question be in favor of the repeal or amendment, such ordinance shall be thereby repealed, or amended, as the case may be.

"25. Ordinances and Amendments to be Printed in Newspaper. Whenever a question of passage of a proposed ordinance, or of the going into effect, or the repeal, or the amendment of an ordinance, is to be submitted to the voters at an election, the board of commissioners shall cause the proposed ordinance or ordinances, or the ordinance and amendment, as the case may be, to be printed once in the official newspaper of the city, and in such other newspapers as the board of commissioners may direct, before such election."

It will be observed that, while subsections 23 and 24, supra, provide, under certain circumstances, for a referendum vote on the question of the passage of a proposed ordinance, or of the going into effect, or the repeal, or the amendment of an ordinance, subsection 25, supra, provides in express terms that the board of commissioners, shall cause the proposed ordinance or ordinances, or the ordinance and amendment, as the case may be, to be printed once in the official newspaper of the city, and in such other newspapers as the board of commissioners may direct, before such election. It is admitted that the ordinance in question was not published as required by the statute, but insisted that the circulation of the referendum petition among the voters of the city, considered in connection with the large vote in favor of the ordinance, gave it sufficient publicity to justify us in upholding the election. The purpose of the publication is to inform the voters of the terms and provisions of the proposed ordinance, in order that they may vote intelligently on the question. To accomplish this purpose the legislature deemed it wise to afford every voter an opportunity to have a printed copy of the ordinance before him. The importance of following the statute is well illustrated in this case. The ordinance in question contains numerous provisions, some of which, to say the least, are of an unusual character. No voter could comprehend and appreciate the effect of

these provisions unless he read them over and examined them with great care. For these reasons the courts generally hold that ordinances which are to take effect on a vote of the people, or which provide for an issue of bonds to be submitted to a vote of the people, must be published in the manner provided by statute, and that mere publicity, which has no legislative basis, is not sufficient to take the place of such publication. We, therefore, conclude that the provision of the statute with reference to publication is mandatory, and that an election held in the absence of such publication is invalid. Bybee, et al. v. Smith, 22 R. 1684, 61 S. W. 15; Central Const. Co. v. City of Lexington, 162 Ky. 286, 172 S. W. 648; City of Highland Park v. Reker, 173 Ky. 206, 190 S. W. 706; Newport v. Newport National Bank, 148 Ky. 213, 146 S. W. 377; Commonwealth v. Barrett, 13 R. 451, 17 S. W. 336; Mays, et al. v. Slemmons, et al., 14 R. 660; Bates v. City of Monticello, 173 Ky. 244, 190 S. W. 1074; McCreary, Governor v. Speer, 156 Ky. 783, 162 S. W. 99; Wright v. City of McMinnville, et al. (Ore.), 117 Pac. 298; Palmberg, et al. v. Kinney, et al. (Ore.), 127 Pac. 32. In view of this conclusion, it is not necessary to determine whether the ordinance in question was a valid exercise of power by the municipality.

Judgment affirmed