### Phipps, et al. v. City of Mayfield, et al.

(Decided March 7, 1922.)

## Appeal from Graves Circuit Court.

1.  Municipal Corporations—Purchase of Water Plant—Indebtedness. —A contract between a city of the fourth class and a water company, entered into before the adoption of the present Constitution, whereby the former obligated itself, at the end of twenty-five years, to purchase or re-rent of the latter its waterworks plant erected under the contract to supply the city and its inhabitants with water, created an indebtednes when the contract was made, as contemplated in sections 157 and 159 of the Constitution, whether the city elects to purchase or re-rent the plant.

2.  Municipal Corporations—Indebtedness.—To discharge or refund an indebtedness thus created such city is authorized, under section 3490, Kentucky Statutes, to issue and sell its bonds in any amount not exceeding the principal of such indebtedness, without submission to the voters, and to levy each year a tax not exceeding one dollar on each $100.00 of taxable property within the city, to pay the interest on the bonds and provide a sinking fund to retire them, in excess of the seventy-five cents on the $100.00 for current expenses.

SETH T. BOAZ for appellants.

R. N. STANFIELD for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellants, J. L. Phipps and S. E. Smith, resident taxpayers of Mayfield, a city of the fourth class, suing for themselves and other taxpayers of the same municipality, brought this action in the court below against that city, its mayor and the members of its council, seeking, by injunction, to prevent them from issuing or selling certain bonds of the city, amounting in the aggregate to $20,000.00, the issuance and sale of which had been authorized by an ordinance passed by its council. It appears from the averments of the petition that the injunction was asked on the grounds that the city council

was without authority, in the absence of the approval of two-thirds of the voters of the city, to pass the ordinance referred to or to impose upon the city of Mayfield the indebtedness that would be incurred by the sale of the bonds in question, because the existing indebtedness of the city already exceeds the limit of indebtedness and power to tax therefor fixed by sections 157-158, Constitution.

These averments of the petition were denied by the answer, which alleged that the indebtednss that would be incurred by the issuance and sale of the bonds was created prior to the adoption of the present Constitution and by the provisions of sections 157-158 of that instrument, is excepted from the inhibitions or limitations referred to, contained therein.

It was also alleged in the answer that the indebtedness represented by the $20,000.00 of bonds involved in this action, together with $270,000.00 of further indebtedness, for which bonds of the city of Mayfield have heretofore been issued and sold, arose out of and were created by a written contract, made July 30, 1891, prior to the adoption of the present Constitution, between the city through its council and the Mayfield Water and Light Company, whereby, in granting to the latter corporation a franchise to construct and operate for twenty-five years a waterworks plant and system for supplying the city and its inhabitants with water, and as an inducement to it to establish the plant, the city obligated itself to purchase of the company upon the expiration of the twenty-five years, at a price to be agreed on by the parties, its waterworks plant and equipment, or to renew its franchise and continue to pay it, as theretofore, certain agreed rentals for the water to be furnished by it.

It was further alleged in the answer that upon the expiration of the franchise of the Mayfield Water and Light Company it was notified by the city of Mayfield that it had elected, as allowed by the contract of July 20, 1891, to purchase of it its waterworks plant and system complete, but as the parties failed to agree on the price to be paid for same, suit was brought by the city against the Mayfield Water and Light Company in the Graves circuit court by which the matter of determining the price was submitted to the decision of that court, which fixed the total amount to be paid the latter by the city at $290,042.11. Of this amount $272,000.00 represented the price the city of Mayfield was required by the judgment to pay the Mayfield Water and Light Company for the

naked properties constituting the waterworks plant and appurtenances; the remaining $20,000.00 was made up of the following items: $10,672.90 hydrant rentals accrued during the existence of the contract between them and owing by the city to the water company; $2,867.87 for accrued rentals upon extension hydrants, and $4,591.34 owing the latter by the former for added necessary improvements and equipment made by it to the plant before its surrender to the city.

It is also alleged in the answer that pursuant to the judgment mentioned, and in order to raise the money with which to pay the Mayfield Water and Light Company for its waterworks plant, the city of Mayfield in 1917 issued and sold $270,000.00 of its bonds and paid the proceeds thereof, amounting to $270,000.00, to that company, and at the same time obtained and paid it the $20,000.00 remaining of the $290,000.00 due it on the waterworks plant, by borrowing that sum of two of the banks of Mayfield upon notes of the city, bearing eight per cent interest from date until paid; that this method of raising the $20,000.00 was adopted by the city of Mayfield upon the assumption that the amount necessary to liquidate these notes would, in the course of a year or two, be collected from the inhabitants of the city in rentals for water consumed by them, but that upon discovering this expectation would not be realized, and not wishing to longer burden the taxpayers of the city with the payment of usurious interest to the banks holding the notes, which were demanding that the usurious interest be continued or the notes paid, the city council of Mayfield, in order to obtain the money to pay the notes, by ordinance duly passed December 21, 1921, ordered and directed the issuance and sale of twenty bonds of the city of Mayfield of the denomination of $1,000.00 each, all of date January 1, 1922, to be signed by the mayor and countersigned by the clerk of the ctiy, bear six per cent interest from date, payable semi-annually the 1st of July and January of each year, the first of the bonds to become due and payable January 1st, five years after date, and one of the remaining nineteen to become due and payable January 1st of each year thereafter, until all are paid, unless the city of Mayfield should elect to pay all the bonds five years from their date, or at any five year period thereafter. These are the bonds the issuance and sale of which were attempted to be enjoined in this action.

The appellants filed a general demurrer to the answer of the appellees, which the circuit court overruled. The appellants thereupon refused to plead further, and the cause having been submitted upon the pleadings and exhibits, the court below by the judgment rendered refused the injunction prayed by the appellants, dismissed the petition and awarded the appellees a recovery against the appellants for their costs expended in the action. The latter complain of the judgment and have appealed.

The pleadings present few points of controversy, and the facts admitted by the demurrer to the answer, together with such as are shown by the accompanying exhibits, consisting of copies of the contract of July 20, 1891, between the city of Mayfield and Mayfield Water and Light Company, the judgment of the Graves circuit court regarding that contract, and of the several ordinances respecting both the contract and judgment, as well as the bond issues made by the city of Mayfield, furnish all the information necessary to a full understanding of the questions submitted for decision.

The fact that the several items of indebtedness, aggregating $20,000.00, which are to be paid by the sale of the bonds of the appellee, city of Mayfield, to that amount, arose out of and were created by the contract made by it with the Mayfield Water and Light Company July 20, 1891, and before the adoption of the present Constitution of this state, is convincingly established by the record. Not only is this shown by the provisions of the contract itself, a copy of which is made a part of the record, but it is also shown by the judgment of the Graves circuit court, also found in the record, rendered in the action brought by the city of Mayfield against the Mayfield Water and Light Company for the purpose of having the court ascertain and determine, as it did, the indebtedness of the former to the latter under the contract of July 20, 1891, which judgment required the city of Mayfield to take care of and pay the several items going to make up the $20,000.00 in question as a part of its indebtedness to the Mayfield Water and Light Company, arising out of and incurred under the contract of July 20, 1891, with that company; and as the judgment rendered by the court in that action has not been appealed from or otherwise attacked, its conclusiveness must be accepted. Furthermore, in Benjamin v. City of Mayfield, 170 Ky. 446, the contract between the city of Mayfield and the Mayfield Water and Light Com-

pany of July 20, 1891, was brought to this court for its construction and a decision as to the right of the city of Mayfield, without the assent of two-thirds of the voters thereof, to issue and sell its bonds for the purpose of paying such indebtedness as it may have incurred under that contract. In that case it was contended, as it is in the instant case, that such issuance and sale of its bonds by the city of Mayfield would violate the provisions of sections 157 and 158, Constitution, but in overruling this contention we held, quoting from the syllabus, which aptly summarizes the conclusions stated at length in the body of the opinion:

"A contract executed by the city of Mayfield, before the adoption of the present Constitution, obligating the city at the expiration of the contract to purchase or re-rent a water and electric light plant erected thereunder to supply the needs of the city, created an indebtedness when the contract was executed, as contemplated in sections 157 and 158 of the state Constitution, whether the city elects to purchase or re-rent.

"To discharge or refund an indebtedness created before the adoption of the present Constitution, a city of the fourth class is authorized, under section 3490 of the Kentucky Statutes, to issue and sell its bonds in any amount not exceeding the principal of said indebtedness, without submission to the voters, and to levy each year a tax not exceeding one dollar on each $100.00 of taxable property within the city, to pay the interest thereon and provide a sinking fund to retire same, in excess of the 75 cents on the $100.00 for current expenses."

Beard v. City of Hopkinsville, 95 Ky. 239; Mayfield Woolen Mills v. City of Mayfield, 111 Ky. 172; Slade v. City of Lexington, 141 Ky. 214.

While the opinion does not discuss the items, or even mention the aggregate, of the indebtedness that was incurred by the city of Mayfield to the Mayfield Water and Light Company by its purchase of the latter's waterworks plant as provided by the contract of July 20, 1891, it does make it clear that whatever liability it assumed by the purchase was one incurred before the adoption of the present Constitution, which liability it might discharge by the issuance and sale of its bonds as proposed in the instant case. We think the ruling in Benjamin v. City of Mayfield, *supra,* conclusive of every question involved in this case.

As it is not alleged nor attempted to be proved in the case at bar that the indebtedness of $20,000.00, proposed to be paid by the sale of bonds to that amount, will with the remainder of the city of Mayfield's indebtedness incurred, as was this, by its purchase of the waterworks plant, exceed the principal of the whole of its indebtedness, created before the adoption of the present Constitution, or require a tax levy upon property in the city in excess of the limits prescribed by section 3490, Kentucky Statutes, and sections 157-158, Constitution, to pay the interest on the bonds and provide a sinking fund for their final liquidation, it is not perceived how the sale of the $20,000.00 of bonds as here proposed would violate any provision of those sections of the Constitution.

No reason being shown for disturbing the judgment of the circuit court, it is hereby affirmed.