## Rice v. City of Pineville, et al.

(Decided February 27, 1925.)

### Appeal from Bell Circuit Court.

Municipal Corporations—Bonds to Refund Indebtedness, Contracted Prior to Adoption of Constitution, Held Valid, Notwithstanding Limitation.—City could issue bonds to refund unpaid portion of indebtedness legally contracted, prior to adoption of present Constitution, though city has outstanding and unpaid other bonds in excess of limit permitted by Constitution, section

158, and proposed issue exceeds revenue and income of city for current year, and was not authorized by voters, under section 157, regardless of whether such indebtedness consists of the unpaid bonds or of notes executed to obtain funds wherewith to cancel or pay the bonds.

LOW & BRYANT for appellant.

H. CLAY RICE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an action by a citizen and taxpayer to enjoin the city of Pineville and its officers from issuing $13,000 of refunding bonds. A demurrer was sustained to the petition, and this appeal by the plaintiff challenges that ruling.

The petition alleges that the proposed bond issue is for the purpose of refunding the unpaid portion of a larger indebtedness, created prior to the adoption of the present Constitution, and under an act of the General Assembly which became a law on the 14th of February, 1818.

The validity of the original indebtedness is admitted, and the only grounds urged against the validity of the proposed issue are that the city has outstanding and unpaid other bonds in excess of the limit permitted by section 158 of the present Constitution, and that the proposed issue exceeds the revenue and income of the city for the current year and was not authorized by the voters, as provided by section 157 of the Constitution.

As the original indebtedness was authorized by an act of the legislature, and the Constitution then in force neither limited the power of the legislature in such matters nor the indebtedness that cities might thus incur, it is clear that such limitations in the subsequently adopted Constitution did not affect any such pre-existing indebtedness. Besides, section 158 expressly recognizes the validity of such pre-existing indebtedness, excludes it from the limitations thereby imposed, and provides that:

"Nothing herein shall prevent the issual of renewal bonds, or bonds to refund such indebtedness of any city, town, . . . taxing district or other municipality."

This court in numerous cases has held that contracts made prior to the adoption of the present Constitution

are not affected by sections 157 and 158 thereof, and that neither of these sections prevents the refunding upon maturity of bonds legally issued theretofore. City of Lexington on Appeal, 96 Ky. 258, 28 S. W. 665; Bank v. Taylor County, 112 Ky. 243, 65 S. W. 451; Mayfield Woolen Mills v. City, 111 Ky. 172, 61 S. W. 43; Culbertson v. City, 138 Ky. 747, 128 S. W. 292, 129 S. W. 95.

It is, therefore, clear that the proposed bond issue is legal in so far as it refunds due and unpaid bonds legally issued prior to the adoption of the present Constitution. But it also is insisted that even though this be true, $6,500.00 of the proposed issue is not legal because so much thereof is to be used to pay off notes the city has executed in bank to obtain the money with which it paid off, took up and cancelled bonds of the original issue in that amount.

This contention is, we think, equally untenable, because there is no essential difference between the notes the city executed to the banks with which to pay off these bonds and the bonds themselves thereby retired, since the one as much as the other is an unpaid part of the original indebtedness.

Perceiving no error in the judgment appealed from, it is affirmed.