## Hall et al. v. Fiscal Court of Fleming County.

(Decided June 2, 1931.)

O. R. BRIGHT for appellants.

J. D. PUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Deposit Bank of Pearce, Fant & Company, which owned several warrants issued by the county of Fleming between the years 1925 and 1930, inclusive, and aggregating the sum of $40,138.61, sued the county to recover thereon. It alleged in substance that each warrant, together with the other indebtedness of the county, did not exceed the revenue and income provided for the year in which it was issued, and that the entire indebtedness was valid. The county joined issue, evidence was heard, the court adjudged the indebtedness valid, and rendered judgment in favor of the bank.

On April 13, 1931, the fiscal court, for the purpose of funding the indebtedness and interest, entered an order providing for the issuance and sale of 41 bonds of $1,000 each, bearing interest at the rate of 5¼ per cent. per annum payable semiannually, and maturing on a certain date.

This suit was brought by J. F. Hall and N. M. Evans, citizens and taxpayers of Fleming county,

against the fiscal court to enjoin the sale and delivery of the bonds, as well as the levy of the tax imposed by the order. The basis of the attack is that the indebtedness exceeded the revenue and income provided for the year 1931, without the assent of two-thirds of the voters. The county filed an answer denying the ground of attack relying on the adjudication that the indebtedness was valid, and asserting the right to fund the debt. Their demurrer to the answer having been overruled, plaintiffs declined to plead further. Thereupon the court upheld the validity of the bonds and dismissed the petition. Plaintiffs appeal.

The indebtedness having been adjudged valid by a court of competent jurisdiction, the only question presented is whether the county, without a vote of the people, may fund a valid floating indebtedness by issuing bonds. Recently the question has been considered in numerous cases and answered in the affirmative. Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104, 1105; Baker v. Rockcastle County Court, 225 Ky. 99, 7 S. W. (2d) 846; Hogan v. Lee Fiscal Court, 235 Ky. 100, 29 S. W. (2d) 611; City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603; Elliott v. Fiscal Court of Pike County, 237 Ky. 797, 36 S. W. (2d) 619. The basis for this view of the question may be summarized as follows: Section 157 of the Constitution, prohibiting the incurring of an indebtedness in excess of the revenue and income provided for the year, without the assent of two-thirds of the voters, must be read in connection with section 158 of the constitution, and the two construed together. Section 158 contains the following provision: "Nothing herein shall prevent the issue of renewal bonds, or bonds to fund the floating indebtedness of any city, town, county, taxing district or other municipality." This provision does not deal with renewal bonds that were issued, or a floating indebtedness that was incurred, prior to the adoption of the Constitution. It confers a continuing power which may be exercised at any time when justified by the circumstances. In Gaulbert v. City of Louisville, 97 S. W. 342, 30 Ky. Law Rep. 50, the city of Louisville, without a vote of the people, issued bonds to refund the bonded indebtedness of the water company whose stock it had acquired. In sustaining the validity of the bonds the court said:

"This indebtedness is one which, under section 158 of the Constitution, may be refunded by the

issuance of new bonds and mortgage to secure same, without first submitting the matter to a vote of the people. Smith v. Mercer County, 104 Ky. 596, 47 S. W. 596 [20 Ky. Law Rep. 812]; Richmond Cemetery Co. v. Sullivan, J., 104 Ky. 723, 47 S W. 1079 [20 Ky. Law Rep. 1028]; Mayfield Woolen Mills v. City [111 Ky. 172], 61 S. W. 43, 22 Ky. Law Rep. 1676; Powell v. Madison, 107 Ind. 106, 8 N. E. 31; City of Poughkeepsie v. Quintard, 136 N. Y. 275, 32 N. E. 764; Aetna Life Ins. Co. v. Lyon County (C. C.) 44 F. 329. Section 157 of the Constitution was not intended to prohibit a municipality from renewing a previously existing, valid debt, but it was made to prevent a municipality from incurring a new indebtedness, from creating a new liability against the taxpayers and their property, without first submitting the matter to the vote of the taxpayers. We are of opinion that the bonds in this case are not invalidated by the failure to submit the question to a vote of the people." To the same effect. is Culbertson v. City of Louisville, 138 Ky. 747, 128 S. W. 292, 129 S. W. 95; Welch v. City of Nicholasville, 225 Ky. 312, 8 S. W. (2d) 400.

The quoted language from section 158 of the Constitution makes no distinction whatever between "renewal bonds" and "bonds to fund the floating indebtedness of any city, town, county," etc. On the contrary, they are placed in the same category, and if renewal bonds may be issued without a vote of the people, there is no escape from the conclusion that bonds to fund a floating indebtedness may likewise be issued without a vote of the people. There is reason for this construction, as well as for the provision itself. Section 157 of the Constitution does not deal with the issuance of bonds. It deals only with the incurring of an indebtedness without the requisite vote of the people in excess of the revenue and income provided for the year. If the indebtedness is valid when incurred, no subsequent failure of revenue or income can render it invalid. If valid, it should be paid, regardless of its form, and changing its form from a warrant or judgment into a bond adds nothing to the

indebtedness, and does not require the approval of the voters.

It follows that the bonds in question are valid.

Judgment affirmed.

Whole court sitting.

THOMAS, C. J., and DIETZMAN, and REES, JJ., dissenting.