No. 13,109.

POWELL v. THE CITY OF MADISON ET AL.

MUNICIPAL CORPORATION.— *Indebtedness.— Constitutional Limit.—Funding Bonds.*—Article 13 of the State Constitution, adopted March 14th, 1881, prohibiting municipal corporations from becoming indebted to an amount in the aggregate exceeding two per centum on the value of their taxable property, and providing that all obligations in excess of such amount shall be void, is only prospective in its operation, and will not prevent such corporations from issuing new bonds, with coupons for future interest, for the purpose of funding debts, with accrued interest, existing prior to the adoption of such amendment.

SAME.—*Effect of Constitutional Amendment Limiting Indebtedness.*—The only effect which the adoption of such constitutional amendment had upon sections 3230 and 3231, R. S. 1881, which provide for the funding of the indebtedness of cities and towns, was to limit their application to debts contracted prior to March 14th, 1881, and to such as have been since incurred, not in excess of the two per centum limit upon the value of their taxable property.

From the Jefferson Circuit Court.

*J. McGregor, E. G. Leland* and *S. E. Leland,* for appellant.
*C. A. Korbly, W. O. Ford, P. E. Bear, C. E. Walker* and *J. L. Wilson,* for appellees.

NIBLACK, J.—This was a suit for an injunction. The complaint was as follows:

Edward E. Powell, on behalf of himself and others who are citizens of the city of Madison, in the county of Jefferson, in the State of Indiana, and taxpayers to said city, but whose names are too numerous to mention, plaintiff, for substituted complaint in said cause, complains of the city of Madison, a municipal corporation, situated in said county and State, and incorporated under the general laws of said State, for the incorporation of cities, and Joseph T. Brashear, the mayor of said city, and John A. Zuck, the clerk of said city, defendants, and says that he, the plaintiff, is a resident citizen of said city and a taxpayer to said city, and that said defendant, city of Madison, was, on the 14th day of March, 1881, and long prior thereto, such municipal corporation.

That at said time, to wit, March 14th, 1881, the said city of Madison was indebted in the sum of two hundred and thirty thousand dollars, and that the value of the taxable property within said city as valued in the assessment for State and county taxes for the year 1880, which was the last assessment for the State and county taxes previous to said time, to wit, March 14th, 1881, was three million, three hundred and two thousand, eight hundred and fifty dollars, and that said indebtedness was largely in excess of two per centum of the said valuation of the said taxable property within said city, and was almost seven per centum of the said valuation of said property. That said indebtedness of said city was, on March 14th, 1881, evidenced by the negotiable bonds of said city, and the notes or orders of said city, to wit, the sum of one hundred thousand dollars in the negotiable bonds of said city, known as the "Water-Works bonds," which bore interest at eight per centum per annum, and mature August 1st, 1892, and the further sum of one hundred and thirty thousand dollars in the notes or orders of said city, and which matured at different times, and bore interest at six per centum per annum. That of the said indebtedness of one hundred and thirty thousand dollars, consisting of the notes or orders of said city, and so existing on March 14th, 1881, only six thousand eight hundred and seventy-one dollars and eighteen cents remain unpaid or not renewed; that the residue of said debt has been paid or renewed from time to time since March 14th, 1881, by the issue of new notes or orders of said city, and in many cases with accumulated interest, which could not be paid by the city out of its revenues after paying the necessary expenses of the city government, and lighting the city, for street repairs, schools, etc., until now the debt of said city, evidenced by such notes or orders, is the sum of one hundred and forty-one thousand, nine hundred and eighty-seven dollars and forty-three cents, which sum is in excess of the said sum of one hundred and thirty thousand dollars more than eleven thousand dollars, and that the said indebt-

edness of one hundred and forty-one thousand nine hundred and eighty-seven dollars and forty-three cents, so evidenced by the notes or orders of said city draws interest at six per centum per annum. That, on the 4th day of March, 1886, the said city was indebted in the sum of two hundred and forty-one thousand dollars or more, which debt consisted of said one hundred thousand dollars " Water-Works bonds," which were still outstanding and unpaid, and the further sum of one hundred and forty-one thousand dollars or more, of the notes or orders of said city, and that the whole of said indebtedness is still outstanding and unpaid, and that the value of the taxable property within said city as valued in the assessment for State and county purposes for the year 1885, is three million, three hundred and thirty-seven thousand and two hundred and twenty-five dollars, and which is the last assessment made for State and county purposes, and that said indebtedness of said city is now greatly in excess of two per centum of the said valuation of the said taxable property within said city, and is more than seven per centum of the said valuation of said property.

The plaintiff further says that for the alleged purpose of funding the sum of one hundred and four thousand dollars of said indebtedness of said city in the four per centum negotiable bonds of said city, payable eight thousand dollars each year for a period of thirteen years, commencing two years from date, to bear interest at four per centum per annum, payable semi-annually, principal and interest, at the National Branch Bank in said city, and called the " Funding Bonds of the City of Madison," the common council of said city did, on the 4th day of March, 1886, pass the preamble and ordinance which read as follows, to wit:

## "AN ORDINANCE

"Adopted by the common council of the city of Madison, State of Indiana, to fund a portion of the indebtedness of said

·city, under section 3230, Revised Statutes 1881, enrolled March 4th, 1886.

" WHEREAS, Said city of Madison has a voting population of less than sixteen thousand, as shown by the votes cast for governor at the last preceding election, and having an in-·debtedness evidenced by the bonds, notes, and other obligations of said city, exceeding $104,000, which debt is drawing ·a rate of interest of six per cent. per annum, and some of it ·a greater rate of annual interest, and,

" WHEREAS, Said city had not the present means for payment of said debt or any considerable part thereof, without the levy of most oppressive taxes, and,

" WHEREAS, On, and ever since the 14th day of March, 1881, said city has been and is now indebted by her bonds, notes and other obligations in an amount greatly exceeding two per cent. on the amount of her taxable property, as shown each year since 1881 by the assessment of taxable property ·of said city for State and county purposes for the last and each preceding year of said period, and,

" WHEREAS, Many of said outstanding city bonds, notes ·and other city obligations of debt have been renewed by the like city evidences of debt, because of the inability of the ·city to pay the same, and,

" WHEREAS, We, the common council of said city, believe it will be for the best interest of the city, and taxpayers, to fund one hundred and four thousand dollars ($104,000) of said indebtedness into 4 per cent. city bonds, payable within fifteen years in equal annual instalments, at the National Branch Bank of Madison, in said city, bearing interest pay-·able semi-annually. Said bonds to be of the denominations . of $50, $100, $500 and $1,000 each, and to be exchanged for the said outstanding city bonds, notes and other obligations, representing city indebtedness prior to March 14th, 1881, at par, therefore,

"*Be it ordained by the common council of the city of Madison,* ·by a vote of more than two-thirds of her said common coun-

cil, to wit, by a vote of eleven of the twelve members of said common council, that said city will, for the purpose of funding her said debt aforesaid, issue her bonds, under her seal, signed by her mayor and city clerk, for said sum of one hundred and four thousand dollars ($104,000), payable $8,000 each year for a period of thirteen years, commencing two years after date, to bear interest at 4 per cent. per annum, the interest payable semi-annually, principal and interest payable at the National Branch Bank of Madison, in said city ; said bonds to be of the denominations of $50, $100, $500 and $1,000 each, and called 'Funding Bonds of the City of Madison,' with interest warrants attached, to be used in exchange for bonds, notes and obligations of said city outstanding prior to March 14th, 1881, and renewals thereof, and for no other purpose, only when parties holding such debts against said city, drawing a greater rate of interest than four per cent., refuse to take these funding bonds in exchange, then the city may sell in the market, of said bonds at par, a sum sufficient to pay off and discharge said debts.

"SECTION 2. Be it further ordained that said common council shall levy a tax each year for fifteen years upon the taxables of said city, to pay the annual interest on said bonds, and the annual payments of principal thereof of $8,000 two years after date, and $8,000 per year thereafter.

"SECTION 3. This ordinance shall take effect and be in force from and after its passage and legal publication.

        "By order,  ·       Jos. T. BRASHEAR, Mayor.
"JOHN A. ZUCK, Clerk."

The plaintiff says that there is no money in the treasury of said city, and that the revenues of said city from all sources are not sufficient to pay all of the annual expenses of said city, necessarily incurred in carrying on the city government, and the interest on her said debt, and that the debt of said city is increasing by the non-payment of interest as it matures, or in borrowing other money to pay such interest. That the issue and sale, or negotiation or exchange, of said

bonds by the said city will greatly increase the debt of the said city, and that the revenues of said city from all sources will not be sufficient after paying the necessary expenses of carrying on the city government of said city, to pay the interest on the said bonds, as the said interest shall accrue from year to year. That said city and her officers have provided no revenue with which to pay said bonds or interest thereon. That there has been no levy or assessment of taxes within said city, of her taxable property, ordered or placed on the assessor's book or tax-duplicate of said city for the purpose of raising said fund with which to pay said bonds or interest.

The plaintiff says that said city had no legal right to pass said preamble and resolution or ordinance, and has no right or authority to issue the bonds therein provided for, or exchange the same. And that unless the said defendants, the said city and her said officers, are restrained, the said bonds will be issued and put upon the market and sold, greatly to the injury and damage of the plaintiff and the taxpayers of said city generally, and that the said officers of said city are threatening to and about to issue said bonds and put the same upon the market in accordance with the provisions of said ordinance.

Wherefore the plaintiff prays the court that said city and her said officers be, on the final hearing of this cause, perpetually enjoined and restrained from issuing the said bonds, or any part of them, or in any manner borrowing money or creating a debt under and by virtue of said ordinance, and for all relief proper in the premises.

This complaint was held to be sufficient upon demurrer.

The defendants then answered, admitting the debt of the city of Madison to have been, on the 14th day of March, 1881, as stated in the complaint, and that the value of the taxable property of said city was on that day, and is now, as alleged by the plaintiff; also, admitting that the plaintiff is a resident citizen and taxpayer of the city in question; also, further admitting that the common council of said city did,

on the 4th day of March, 1886, by a vote of eleven of the twelve members of that body, pass the ordinance set out in the complaint, and that said city intended to issue its bonds and to fund its debt, as provided by such ordinance, unless lawfully restrained from so doing. But the answer averred that said city does not propose to make use of, or to appropriate any of such bonds, or any of the proceeds of such bonds which may be sold, for the purpose of paying or extinguishing any part of its indebtedness contracted since the 14th day of March, 1881, but solely and only to exchange such bonds for, or to use their proceeds in payment of, the bonds and obligations of such city outstanding for debts incurred before that date. Said answer further averred that said city can not by any taxes it is authorized to levy, and other sources of revenue, pay off and take up any part of the debt of $104,000, mentioned in the complaint, before or at the time of its maturity, wherefore it has become desirable to fund such indebtedness by the issuing of new bonds; also, that the indebtedness proposed to be funded bears interest at the rate of six per cent. per annum, and some of it at a still greater rate of interest.

The defendants, still further answering, offered to consent that judgment might be rendered enjoining the city and its officers from using any of the new bonds proposed to be issued, or their proceeds, for the payment of any debt contracted since the 14th day of March, 1881.

The plaintiff demurred to this answer, and his demurrer being overruled, and he declining to plead further, final judgment went against him upon demurrer.

The plaintiff, as the appellant here, complains of the overruling of his demurrer to the answer, and cross error is assigned upon the refusal of the circuit court to sustain the demurrer of the appellees to the complaint.

Two sections of the statutes having relation to the government of cities, known as sections 3230 and 3231 of the

Revised Statutes of that year, went into effect on the 7th day of March, 1881, and are in these words:

"3230. Any city or town in this State, having a voting population of less than sixteen thousand, as shown by the votes cast for governor at the last preceding election, and having an indebtedness evidenced by bonds, notes, or other obligations heretofore issued or negotiated by such city or town, may, for the purpose of funding such indebtedness, or any part thereof, and reducing the rate of interest thereon, and cancelling so much thereof as may be due or shall hereafter become due, upon the vote of two-thirds of the members of the common council of such city or the board of trustees of such town, issue its bonds, with interest coupons attached, for an amount not exceeding, in the aggregate, the whole amount of the indebtedness of such city or town; which bonds may be of any denomination not less than fifty dollars, nor more than one thousand dollars, and shall be payable at any place, after two years, in equal annual instalments, not exceeding in all the period of fifteen years, and shall bear any rate of interest not exceeding six per cent. per annum, payable semi-annually; and such city or town may negotiate such bonds at any market or place at not less than par.

"3231. The common council of such city or the board of trustees of such town shall add to the tax-duplicate thereof, annually, a levy sufficient to pay the yearly interest on said bonds and to provide a sinking fund for the liquidation of the principal thereof, as they become due; which sinking fund, together with all interest, increase, or profit thereon, shall be applied to the payment of said bonds and to no other purpose."

On the 14th day of March, 1881, the following amendment to the Constitution, known now as Article 13 of that instrument, was adopted: "No political or municipal corporation in this State shall ever become indebted, in any manner or for any purpose, to an amount, in the aggregate

exceeding two per centum on the value of the taxable prop-
erty within such corporation, to be ascertained by the last as-
sessment for State and county taxes previous to the incurring
of such indebtedness ; and all bonds or obligations, in excess
of such amount, given by such corporation, shall be void :
*Provided*, That in time of war, foreign invasion, or other
great public calamity, on petition of a majority of the prop-
erty-owners, in number and value, within the limits of such
corporation, the public authorities, in their discretion, may
incur obligations necessary for the public protection and de-
fence to such an amount as may be requested in such petition."

This suit was instituted, and this appeal is prosecuted, upon
the theory that the adoption of the constitutional amend-
ment, above set out, so far modified sections 3230 and 3231
of the statutes of 1881, previously herein also set out, as to
prohibit cities and towns from issuing new bonds, and in that
way funding their debts, whenever their aggregate indebted-
ness exceeds two per cent. of the value of their taxable prop-
erty respectively, and in support of that theory it is argued
that the issuance of new bonds in a form different from older
outstanding obligations, no matter for what purpose, is, in a
sense, the creation of a new debt, and that such is the case in
its fullest sense, where new bonds are issued to provide for
the payment of interest already due, or where coupons are
attached for the payment of future interest when it shall be-
come due.

The issuing of new bonds to provide, at their par value,
for the payment of an old debt, or the substitution of new
evidences of a pre-existing debt, is not, in any legal or proper
sense, the creation of a new indebtedness.    Nor is the fund-
ing of interest already due, or the execution of coupons for
the payment of interest which will thereafter accrue upon a
pre-existing indebtedness, either the creation of a new debt,
or, in legal contemplation, an increase of such pre-existing
indebtedness.    Interest is the premium allowed by law for
the use of money.  *Gaar* v. *Louisville Banking Co.*, 11 Bush,

180 (21 Am. R. 209).   It is accessory, or incident only, to the principal debt upon which it accrues.   The principal is a fixed sum, and the interest, as the accessory or incident, is necessarily an accruing one.   The obligation to pay interest is, in many instances, imposed by law, and, whether so imposed, or resulting from a special contract, such an obligation becomes an incidental part of the contract for the payment of the principal sum, and continues to run until such principal sum is fully paid, or such contract is otherwise discharged, the principal sum being in all cases the basis upon which accruing interest rests.   After interest has accrued, the parties may, by agreement, change its character to that of principal, and then interest upon the amount so transformed may commence to run.   See Abbott Law Dictionary, Title "Interest"; also sections 5199 and 5200, R. S. 1881.

Section 10 of the Constitution of the United States declares, amongst other things, that no State shall pass any *ex post facto* law, or law impairing the obligation of contracts. This limitation upon the power of a State is as restrictive upon its action through its organic law as it is upon the character of the statutes which its Legislature may enact.   *Railroad Co.* v. *McClure,* 10 Wall. 511;   *County of Moultrie* v. *Rockingham Ten-Cent Savings Bank,* 92 U. S. 631.

The constitutional amendment in question could not, therefore, have, and, for that reason, did not have, any retrospective effect upon the existing indebtedness of municipal corporations at the time of its adoption.   For the same reason it did not impair, and was, presumably, not intended to impair, the obligation of any of the contracts into which municipal corporations had already entered, whether for the payment of a principal sum of money or of interest which had accrued, or might thereafter accrue thereon.   *Scott* v. *City of Davenport,* 34 Iowa, 208.

Its operation was only prospective.   Where the limit of a two per centum indebtedness had already been reached, it prohibited the contracting of any new or further indebted-

ness; and where that limit had not been reached, it simply restrained municipal corporations from incurring new debts in excess of such limit. Consequently, the only effect which the adoption of the constitutional amendment now before us had upon the sections of the statute under consideration, was to limit their application to the indebtedness of a city or town which had been contracted prior to the 14th day of March, 1881, and to such as has been since incurred, not in excess of the two per centum limit upon the value of its taxable property.

As the ordinance, set out in the complaint, proposes to fund only indebtedness which had been contracted prior to said 14th day of March, 1881, it applies to a class of debts not affected by the constitutional amendment in question, and is, in consequence, not in conflict with any of the provisions of that article of the Constitution.

The second section of the ordinance involves a pledge of full compliance with the provisions of section 3231, R. S. 1881, *supra,* and affords all the security in that respect which could reasonably be expected in advance of the regular times of making levies of the necessary taxes to carry the proposed new arrangement into full effect. It places the common council in the position of being easily required to make the necessary levies at the suit of any person interested in having such levies made.

Construing the complaint, as we do, to really and only mean that the appellees were taking measures to have a part of the indebtedness of the city of Madison, neither invalidated, nor in any manner affected, by the recently adopted article 13 of the Constitution, refunded, as the city has the power to do under existing laws, we feel constrained to hold that the facts averred did not present a cause of action against the appellees, and that, therefore, the appellant has no cause to complain of the ultimate result of the proceedings below. As having a bearing on some of the questions which have

entered into this discussion, see the cases of *Sackett* v. *City of New Albany*, 88 Ind. 473 (45 Am. R. 467), and *City of Valparaiso* v. *Gardner*, 97 Ind. 1 (49 Am. R. 416).

The judgment is affirmed, with costs.

