No. 13,566.

POUDER ET AL. *v.* RITZINGER ET AL.

MORTGAGE.—*Release.—When Lien Continues.—Married Woman.—Inchoate Interest.—Judicial Sale.*—Where a mortgagee, in order to enable a mortgagor to renew a first mortgage held by a third person and give it its proper priority as a lien, cancels his mortgage and takes a new one to secure the same notes, he does not thereby release the lien created by his original mortgage, and the intervention of the act of March 11th, 1875, vesting the inchoate interests of married women upon judicial sales of their husbands' property, does not affect his rights.

From the Marion Superior Court.

· *W. D. Bynum* and *A. T. Beck*, for appellants.

*B. Harrison, W. H. H. Miller, J. B. Elam, F. Winter, F. Knefler* and *J. S. Berryhill*, for appellees.

COFFEY, J.—This cause is here for the second time. *Pouder* v. *Ritzinger,* 102 Ind. 571.

The facts in the case are, that in 1871 the appellant Milton Pouder and one Jordan owned adjoining tracts of land and mortgaged them, jointly, to Brock to secure $8,000, $4,000 for each. In this mortgage the appellant Mrs. Pouder joined.

In May, 1875, Milton Pouder mortgaged his said tract of land to Tate to secure borrowed money, in which mortgage his wife did not join. When Pouder's mortgage to Brock became due he was unable to pay his part of it, and by agreement between him, Brock and Tate it was cancelled, and Pouder and wife gave Brock a new mortgage for $4,000 upon said land. At the same time Tate, in order to give the new mortgage to Brock the same priority held by the old one, cancelled his mortgage and took a new one from Pouder, for the same amount and on the same property covered by the old one. In this new mortgage Mrs. Pouder did not join. The substitution of the mortgages occurred on the 12th day of February, 1876.

Tate's notes and mortgage not having been paid when due, he foreclosed his mortgage, sold the property at sheriff's sale, and he and his wife bid the same in and took a sheriff's certificate of sale, showing a sale to them of Milton Pouder's interest in the property. Brock assigned his mortgage to the appellee Ritzinger, who commenced this action to foreclose the Brock mortgage, making parties thereto Tate and his wife and the appellants Pouder and Pouder. Mrs. Pouder filed a cross-complaint, in which she claimed a decree that the undivided two-thirds of the mortgaged premises should be first sold to satisfy the mortgage debt, and if the proceeds of said two-thirds should be sufficient to pay said debt and costs, that the undivided one-third should be exempt from sale.

Tate and wife answered the cross-complaint, averring the facts above set forth, and alleging that the new mortgages

were only continuations and extensions of the same securities for the same debts mentioned in the first mortgages, and claiming that the decree of foreclosure ought to require the sale of the entire premises at once, if necessary.

A demurrer to this answer was sustained, on account of which the cause was reversed for the reasons stated in the opinion in this cause above cited.

After the cause was remanded, an issue was formed on this answer and a trial had, resulting in a finding and decree in favor of the appellants, but upon appeal to the general term the finding and decree were reversed, upon the ground that it was not sustained by the evidence.

The error assigned here is, that the Superior Court in general term erred in reversing the decree entered in special term. The evidence in the cause is of such a character as to leave no doubt that the sole object in releasing the mortgage executed by the appellant Milton Pouder to Tate, in 1875, was to enable Brock to retain the priority he had before such release. No part of Tate's debt was paid, and the new mortgage secures the same notes secured by the old one. The old mortgage was released solely as an accommodation to Milton Pouder. On the same day that the substitution of these mortgages took place, Warren Tate and Milton Pouder entered into the following agreement:

" Now, as supplemental to the above and foregoing agreement, at the special instance and request of said Milton Pouder, and to accommodate him, the following additional agreement is now made:

"*First.* Said Pouder agrees to have a certain mortgage on said realty, which is senior in date to the one by him given to Tate, fully satisfied of record.

"*Second.* Said Tate then agrees to enter satisfaction of his mortgage on the record.

"*Third.* Then Pouder is to place a mortgage on said realty of four thousand dollars, to enable him to procure a loan for that sum.

"*Fourth.* Then Pouder is to execute a new mortgage to Tate, on the said realty, to secure the payment of the same notes mentioned in the agreement to which this is a supplement.

" This change of security is in nowise to affect the original agreement, it being hereby admitted that said notes by Pouder to Tate have not been paid."

From this agreement, under the authorities cited in this case when here on a former occasion, the transaction did not release the lien created by the original mortgage executed by Pouder to Tate. That mortgage, as we have seen, was executed on the —— day of May, 1875, while the act of March 11th, 1875, conferring on married women the right to one-third of the husband's land sold on executions or decrees, in which her inchoate interest was not ordered barred or foreclosed, did not take effect until August 24th, 1875.

It follows that Mrs. Pouder takes no interest in the land in controversy, unless she survives her husband, and that the Superior Court, in general term, did not err in reversing the decree in said cause entered in special term.

There is no error in the record for which the ruling of the court below should be reversed.

Judgment affirmed.

Filed March 26, 1889; petition for a rehearing overruled September 17, 1889.