FARMERS AND FIRST NATIONAL BANK OF NEWCASTLE ET AL. *v.* CITIZENS STATE BANK OF NEWCASTLE ET AL.

[No. 26,582. Filed January 13, 1937. Rehearing denied April 2, 1937.]

*Chester M. De Witt* and *Scotten & Henshaw,* for appellant.

*Paul Brown* and *N. Guy Jones,* for appellees.

TREMAIN, C. J.—The parties in this appeal who are interested in the issue joined in this court are the appellant and the appellee, Citizens State Bank of Newcastle. The other named appellees are not interested in the appeal.

The appellee was plaintiff below and filed an action upon a promissory note owned by it, and to foreclose a mortgage on certain land, given to secure the note. The appellant was made a party defendant and filed a cross-complaint upon a promissory note owned by it, and to foreclose a mortgage upon the same land, given to secure its note. Both notes and mortgages were executed by Carithers and wife, owners of said real estate. Issues were closed. The cause was submitted to the court for trial. Upon request the court made special findings of fact and stated its conclusions of law thereon, and rendered judgment as follows: First, that the appellee recover judgment upon its note sued on in the sum of $2,563.35, the foreclosure of its mortgage, sale of the property; that its lien was superior; and that its judgment be first paid from the proceeds of the sale. Second, that appellant recover upon its note sued on the sum of

$7,349.55, the foreclosure and sale of the real estate, but the same to be subject to the payment of the superior lien of the appellee.

Each party, appellant and appellee, claimed that its mortgage lien was superior to the other. The issue presented for determination is the priority of said mortgage liens.

From the record in the case and special findings of fact, it appears that the history of the respective loans is as follows: The Carithers were, on the 22nd of November, 1915, the owners of the real estate described in the mortgage, and on that day executed a purchase money note to appellee in the sum of $2,200, secured by the mortgage on the real estate, which was duly recorded at that time; thereafter $200 was paid upon the principal, and on the 21st of August, 1919, Carithers and wife executed a new promissory note for the sum of $2,000, the amount of the principal remaining due, secured by mortgage upon the same real estate, which was duly recorded on that day, and contemporaneously therewith the mortgage of 1915 was released of record; the renewal note became due on October 8, 1921, and Carithers executed a second renewal note for $2,000 secured by mortgage, duly recorded on that date, and contemporaneously therewith released of record the mortgage given in August, 1919.

The appellant, at the time of the filing of the complaint and cross-complaint herein, was the owner of a promissory note in the sum of $6,000, evidencing pre-existing indebtedness, dated May 3, 1919, secured by a mortgage executed by Carithers and wife upon the same real estate, which mortgage was duly recorded at that time and was not thereafter released, although the note was renewed from time to time, as provided in the mortgage, until the filing of their cross-complaint, when the principal had been reduced to $5,800.

The appellant takes the position that appellee's mortgage, executed and recorded in 1915, released of record upon the giving of a renewal note and new mortgage on August 21, 1919, and the subsequent renewal in 1921, thereby became inferior to appellant's mortgage executed in May, 1919.

The appellee contends that the new notes and mortgages, evidencing the same debt upon the same land, constitute a continuation of the lien in each new mortgage; that the original lien was carried forward; and that the taking of the new notes did not constitute a payment of the original note, but only a renewal thereof.

As a general rule the acceptance of a second note and mortgage in renewal of a prior note and mortgage is not an extinguishment of the lien unless the parties so intend; that where the release of the old mortgage and the execution of a new one appear to be part of one transaction, and the new mortgage is taken and recorded simultaneously with the release of the old mortgage, the recording of the new and the cancellation of the old mortgage constitute a contemporaneous act. A court of equity will look to the circumstances of such transaction, and will not permit the release of the old mortgage and the execution and recording of the new to destroy the lien of the original mortgage, when not so intended, or rights of third parties have not intervened, or positions changed. Equity keeps the lien of the first mortgage alive for the benefit of the mortgagee under such circumstances. *Pouder et al.* v. *Ritzinger et al.* (1885), 102 Ind. 571, 575, 1 N. E. 44; *Pouder et al.* v. *Ritzinger et al.* (1889), 119 Ind. 597, 20 N. E. 654; *Walters* v. *Walters* (1881), 73 Ind. 425; *Powell* v. *The City of Madison et al.* (1886), 107 Ind. 106, 8 N. E. 31; *Thompson et al.* v. *The Connecticut Mutual Life Ins. Co. et al.* (1894), 139 Ind. 325, 38 N. E. 796; *Bowlus* v. *The Phoenix Ins. Co.* (1892), 133 Ind.

106, 113, 114, 115, 32 N. E. 319; *First National Bank* v. *Moore* (1928), 88 Ind. App. 189, 163 N. E. 602; *Sidener* v. *Pavey* (1881), 77 Ind. 241; *Hanlon* v. *Doherty et al.* (1887), 109 Ind. 37, 9 N. E. 782; *Wells* v. *Huffman* (1919), 69 Ind. App. 379, 121 N. E. 840; *Sullivan* v. *Williams* (1923), 210 Ala. 363, 98 So. 186, 33 A. L. R. 147, together with an extensive annotation beginning on page 149; *Holt* v. *Mitchell* (1935), 96 Colo. 412, 43 Pac. (2d) 388, 98 A. L. R. 838, annotated.

From these authorities and many others which could be cited sustaining the trial court in holding the appellee's mortgage lien superior to the appellant's, it clearly appears that under the facts and circumstances here existing, the appellee's debt was the same throughout, although the form was changed. Equity, in such cases, looks to the debt and not to the form it may assume. The renewal of a note secured by mortgage is not payment thereof; neither is the substitution of a new note for an old one, in the absence of some agreement, or plain manifestation of a contrary intention. Unless an intervening lienor changed his position by reason of the release, or something was done to his detriment which caused him to suffer loss, which he would not have suffered if the old mortgage had remained unsatisfied, the original lien has superiority. When the appellant accepted its note and mortgage in May, 1919, it knew that the original debt of the appellee was secured by a mortgage duly executed and recorded in March, 1915, and was superior to appellant's lien. Appellant was not injured by the renewal of the original $2,200 note in August, 1919, and in October, 1921, or by the release of the original mortgage and the simultaneous renewal thereof. The record presents no question as to the rights of an innocent third party who suffered loss on account of the renewal of appellees' mortgage.

Many of the Indiana authorities cited above involve

a question of the renewal and release of the first mortgage without knowledge of intervening liens. Objection has been made that such cases do not constitute authority herein, since the question of knowledge or lack of knowledge is not disclosed. However, some of the cases clearly hold to the rule herein announced, that the first mortgage lien is not extinguished by the release thereof and the simultaneous execution of a new mortgage, duly recorded, where the rights of the parties remain unchanged. *Walters* v. *Walters, supra.*

Also, *Holt* v. *Mitchell, supra,* meets that question squarely and holds that the renewal of the original note and mortgage, under circumstances much like the case at bar, did not extinguish the original debt and lien. That case further holds that the holder of the intervening mortgage lien, under such circumstances, has the burden of showing that he has been damaged or that he has done something he would not have done, or failed to do something he otherwise would have done, to his prejudice, in reliance upon such satisfaction and renewal of the original mortgage. Many authorities collected in the annotation to that case in the A. L. R. are directly in point. A review of them would serve no useful purpose in this opinion.

The parties to this appeal have presented no question predicated upon a transfer or change of ownership of either note. Therefore, for the purpose of this decision, they are treated as original holders.

Appellant has made complaint of the introduction of certain evidence by appellee going to the question of the payment of $200 upon the original $2,200 note and the renewal of said note and mortgage in 1919 and 1921. Such testimony went to the consideration of the note and mortgage, which testimony was entirely proper for the court to receive. *Weston*

*et ux.* v. *Wiley* (1881), 78 Ind. 54; *Catterlin et al.* v. *Armstrong* (1881), 79 Ind. 514; *Walters* v. *Walters, supra.*

Finding no error in the record, the judgment of the lower court is affirmed.