MARIALKE ET AL. *v.* CONSERVATIVE LIFE INSURANCE COMPANY OF AMERICA.

[No. 15,707. Filed February 17, 1938. Rehearing denied May 10, 1938. Transfer denied September 30, 1938]

*Walter R. Arnold* and *Joseph V. Wykiszynski,* for appellants.

*Parker, Crabill, Crumpacker & May,* for appellee.

KIME, J.—This action to quiet title proceeded to trial upon an amended complaint in one paragraph. The appellee filed an answer in general denial and a cross-complaint asking that its mortgage be declared superior to the rights of the appellants and foreclosed as to them. The appellants replied in denial. These issues were tried to the court upon a stipulation of facts. There was a finding for the appellee with judgment accordingly. Appellants' sole assignment of error is that the trial court erred in overruling their motion for a new trial. The grounds of the motion were that the decision was not sustained by sufficient evidence and that it was contrary to law.

From the stipulation it appears that the Syndicate Company was the owner of certain realty upon which there was a dwelling house. On September 19, 1922,

this company borrowed $1,400.00 from the appellee, giving a five-year note and a mortgage securing it upon the realty which was on such date recorded. On October 7, 1922, the appellants entered into a written contract of purchase with the Syndicate Company paying $500.00 down on a purchase price of $3,000.00 and agreed to and did make certain monthly payments. The appellants entered into possession immediately and continued in open, continuous, and notorious possession. A copy of this contract was not made a part of the stipulation.

On November 25, 1927, the Syndicate Company executed to the appellee a promissory note for the sum of $1,600.00 and a mortgage on the realty as security therefor. This was in renewal of the original note and mortgage and so intended by both parties thereto.

On November 25, 1927, the appellants examined the record as to the first mortgage and discovered the marginal release. They did not make an examination of any further entries or records in the recorder's office of St. Joseph County. The appellants relied upon this marginal release and continued their payments, they having no *actual* notice of the subsequent mortgage.

On July 15, 1932, the Syndicate Company gave to the appellants a quit claim deed which they recorded August 25, 1932.

On August 12, 1932, the appellee commenced its foreclosure action against the Syndicate Company and on November 14, 1932, as the entire amount had then become due by reason of default appellee obtained a judgment decreeing foreclosure. The appellants were not parties to that action and the appellee had no actual knowledge that appellants claimed an interest in the realty until after the foreclosure decree. The instant suit was instituted December 28, 1932.

The appellants contend that the marginal release was

executed when they were in possession; that such possession was notice to the appellee by which it is bound and that they had the right to rely upon said marginal release and were not required to look for any subsequent records. And further that the appellee estopped itself by the marginal release from pursuing any remedy against the realty adverse to their interest therein.

The appellee contends that the recorded mortgage of September 19, 1922, was prior and superior to any interest acquired by the appellants' unrecorded contract and that the execution and delivery by the Syndicate Company of the mortgage of November 25, 1927, and its acceptance by the appellee did not create a new indebtedness or lien but was only a renewal and extension of time for payment of the pre-existing indebtedness and a continuation of the prior mortgage lien to which the appellants' interests were and remained subordinate. That since the recording of the marginal release and the mortgage of November 25, 1927, were contemporaneous acts it did not have the effect of subordinating appellee's mortgage lien or of curtailing its continuance.

The Supreme Court in a very recent case, *Farmers and First National Bank of New Castle* v. *Citizens State Bank of New Castle et al.* (1937), 211 Ind. 389, 392, 5 N. E. (2d) 506, again reiterated the general rule that has long obtained in cases similar to this. In that case they said, "As a general rule the acceptance of a second note and mortgage in renewal of a prior note and mortgage is not an extinguishment of the lien unless the parties so intend; that where the release of the old mortgage and the execution of a new one appear to be part of one transaction, and the new mortgage is taken and recorded simultaneously with the release of the old mortgage, the recording of the new and the cancellation of the old mortgage constitute a contemporaneous act. A court of equity will look to the

circumstances of such transaction, and will not permit the release of the old mortgage and the execution and recording of the new to destroy the lien of the original mortgage, when not so intended, or rights of third parties have not intervened, or *positions changed*. Equity keeps the lien of the first mortgage alive for the benefit of the mortgagee under such circumstance." (Our italics.)

Knowing this to be the law the appellants were not warranted in assuming that the marginal release meant that the original mortgage had been paid and satisfied to such an extent that the lien of the original mortgage was destroyed.

Since they must be assumed to know the law, they could not rely solely upon such marginal release. This only served to put them to further inquiry. They did not inquire further and because of such failure are not in a position to receive equitable aid.

There is no positive showing that the appellants in reliance upon such *marginal* release have done something they would not have done to their prejudice.

The judgment of the St. Joseph Circuit Court is affirmed.