BYRUM ET AL. *v.* WISE, RECEIVER, ET AL.

[No. 27,317. Filed February 5, 1940. Rehearing denied March 25, 1940.]

*White & Haymond,* of Muncie; *Nichols & Nichols, Bowen & Mendenhall,* and *Caldwell & Oliver,* all of Winchester, for appellants.

*Chattin & Wise,* of Union City, and *George H. Ward,* of Winchester, for appellees.

TREMAIN, J.—In July, 1933, a receiver was appointed for the Imperial Electrical Company, an insolvent corporation. On order of court the receiver sold all of the assets of the company for the net sum of $5,699.21, which was insufficient to pay lienholders. A hearing was had upon the question of priorities. On request the court found the facts specially and stated its conclusions of law thereon in substance as follows:

In 1922 the Imperial Electrical Company, hereinafter referred to as Imperial, became indebted and executed a series of notes aggregating $15,000 to the Union Loan and Trust Company of Union City, Trustee, hereinafter referred to as Loan Company, all due and payable to the Loan Company three years after date, bearing seven per cent. interest, providing for attorney's fees, and secured by mortgage upon real and personal property. The Loan Company sold $12,000 of said notes to persons named in the complaint and retained $3,000 of the notes in its own possession.

In January, 1925, all of said notes being past due and unpaid, the Imperial executed a second series of notes to the same trustee in the aggregate of $20,000, purporting to be first mortgage notes due from five to ten years after date, and secured by a mortgage upon the same property mortgaged to secure the first series. The Imperial, through its agents, called upon the holders of the 1922 series and represented to them that the Imperial was in need of new capital and proposed to take up the old series with the new series, and when accomplished the old mortgage would be released. By this representation appellants were induced to exchange $10,500 of the first series of notes for that amount of the second series. Holders, Burkett, Conklin, and the Loan Company, of $4,500 of the first series did not exchange them for the new series, of which amount the Loan Company owned $3,000 and Burkett and Conklin $1,500.

The Imperial delivered a $500 second series note to an agent who negotiated the exchange of the second series for the first series of notes. The agent sold this note to one Alexander. The remaining $9,000 second series notes were pledged by the Imperial to the Loan

Company as collateral securities for a loan evidenced by a promissory note of $3,800.

The Loan Company became insolvent and was placed in the hands of a receiver, who, upon order of court, sold its $3,000 first series notes to the Union Trust Company, hereinafter called Trust Company. The receiver also sold the $3,800 promissory note together with the $9,000 collateral notes to the Trust Company. This note was renewed from time to time. The Imperial borrowed an additional $200 from the Trust Company. Thereafter, the receiver of the Imperial executed his note to the Trust Company for the sum of $4,000 in renewal of the $3,800 and the $200 notes of the Imperial. The $9,000 of second series notes were retained by the Trust Company.

The court concluded as a matter of law that Burkett and Conklin, holders of the first series notes, were entitled to a first lien upon the proceeds of the sale of Imperial property in the sum of $2,267.50, principal, interest, and attorney fees; that the Trust Company held a second lien in the amount of $4,500 representing the principal, interest, and attorney fees due on the $3,000 of first series notes which it acquired from the Loan Company after the Loan Company had sold the notes to Burkett and Conklin; that the holders of second series notes were entitled to liens upon said funds in the order of maturity of said notes, junior to the foregoing liens. Exceptions to the conclusions of law were reserved. The holders of the second series of notes filed a motion for a new trial which was overruled, with exceptions. They appealed to the Appellate Court.

Appellants contend that the court should have concluded as a matter of law that they held a first lien on the funds of equal priority with Burkett and Conklin,

holders of $1,500 of first series notes; that the Trust Company, standing in the position of the Loan Company as to the $3,000 of first series notes acquired from the Loan Company, had a second lien upon the assets; and that the Trust Company and Alexander, holders of the second series of notes not exchanged for first series, held an inferior lien in the order of maturity. By proper exceptions the correctness of the court's conclusions as to the matter of priority is challenged.

This cause is presented for consideration solely upon the exceptions of the appellant to the conclusions of law. The effect of excepting to the conclusions of law ██ is to approve the special findings of the court. The evidence heard at the trial is not brought before this court. Therefore, the law question to be determined is based upon the facts as found.

The findings establish that in 1922 the Imperial executed notes aggregating $15,000 secured by a mortgage upon certain real and personal property. These ██ notes were identical except as to amount. Had the second series of notes and mortgage not been executed and exchanged for the first series, no one would question the fact that the holders of the first series purchased from the Loan Company stood on an equality. In the beginning the Loan Company was the owner of the entire series of $15,000 evidencing an indebtedness of the Imperial to it. The Loan Company sold and delivered all of that series of notes to the appellants, Burkett, and Conklin, except $3,000 retained by it. Had there been a default in the payment and a foreclosure of the first mortgage which resulted in a fund insufficient to pay the entire debt, the Loan Company, seller of $12,000 of the first series to other parties, would hold a second lien as to them. The notes assigned have preference over the note retained by the mort-

gagee. *State Life Insurance Co.* v. *Cast* (1938), 214 Ind. 17, 13 N. E. (2d) 705.

The findings conclusively establish that up to the time the first series notes became due all the assignees of the Loan Company stood on an equality and neither had a preference over the other. The findings disclose that the Imperial needed more funds to be used in its business in 1925, at the time the first series became due, and, in order to secure that fund, executed a second mortgage upon the same property described in the first mortgage, but to secure a series of notes aggregating $20,000. This mortgage, like the first, was executed to the Loan Company as trustee, but the findings do not disclose that the Imperial was indebted to the Loan Company at the time of the execution of the second mortgage, except as to the $3,000 of first series notes.

The Imperial sent an agent to the holders of the first series of notes and proposed to exchange the second series for the first series, and represented that when this exchange was made the first mortgage would be released. Holders of $10,500 of first series notes made the exchange of their old notes for the new ones upon that representation. The second series of notes and the mortgage purported to be first mortgage notes secured by a first lien upon the property described. The holders of the $10,500 did not surrender the old series notes upon any consideration other than that of retaining a first lien upon the property mortgaged and with an understanding that the first mortgage would not be released until the first series notes were exchanged for the second series. There is nothing in the findings to indicate an intention upon the part of the holders of the first series to surrender any rights they held under the first mortgage.

Burkett, Conklin, and the Trust Company did not make the exchange of the first series for the second. The question is thus presented as to whether or not Burkett, Conklin, and the Trust Company, by reason of this transaction, acquired superior rights over the appellants who exchanged their notes. It seems clear that Burkett, Conklin, the Trust Company, and the appellants stand upon an equality insofar as their rights under the first mortgage are involved. There is no finding that the appellants accepted the second series notes in payment of the first series or intended to extinguish the debt and lien of the first mortgage. It is a rule well established that a renewal of a note is not the payment of it, nor does it extinguish the lien of the first mortgage. Burkett and Conklin cannot be harmed, nor can their position be shown to have changed, by reason of the fact that the appellants have accepted $10,500 of the second series of notes in lieu of their first series of like amount. The second series accepted by the appellants amounted to nothing more than a renewal of the old notes. Under such circumstances equity will keep the lien of the first mortgage alive for the benefit of all the holders of the first series of notes and for the benefit of those who exchanged their first series for the second series. *Farmers & First Natl. Bk.* v. *Citizens State Bank* (1937), 211 Ind. 389, 5 N. E. (2d) 506, and authorities there collected.

At the time Burkett and Conklin purchased $1,500 of first series notes they knew that their notes constituted a part of a total series of $15,000 and possessed no lien superior to the other notes of that series held by the appellants. The Trust Company stands in the place of the Loan Company by

reason of its purchase of the $3,000 note from the receiver of the Loan Company, and, therefore, cannot claim a lien equal to that of Burkett, Conklin, and appellants.

The fact that the appellants accepted the new series due at a later date than the old series does not alter the case, for the reason that the appellants retained their first mortgage security the same as if the exchange had never been made. Equity keeps that security alive for their benefit. The new mortgage purporting to secure the second series did not prevent the appellants from relying upon the original unreleased first mortgage. *Hanlon v. Doherty* (1887), 109 Ind. 37, 9 N. E. 782.

The appellees argue that they would be harmed for the reason that the second series notes aggregate $20,000, which sum added to the $1,500 of first series held by Burkett and Conklin and the $3,000 held by the Trust Company would make a total lien of $24,500. In taking this position they are in error for the reason that only $10,500 of the second series were exchanged for the first series, and this amount only will be considered as secured by the first mortgage. This leaves Burkett and Conklin in exactly the same position as in the beginning without a change of position or the intervening rights of third parties.

Appellees further argue that the agreement made by the agent of the Imperial and the appellants is not binding upon them, since they were not parties to that agreement and in no way consented to the exchange of notes made by appellants. Under some circumstances their position would be correct, but not here where the purpose of including that agreement in the special findings is to disclose the manner of the exchange of notes, and that there was no intention upon the part of appel-

lants to surrender their benefits under the first mortgage.

The $9,000 second series notes held by the Trust Company and the $500 second series note held by Alexander, not acquired by surrender of first series notes, are entitled to no benefits under the first mortgage. The net assets only amount to $5,699.21, and, since the notes held by Burkett, Conklin, and the Trust Company, which were issued under the first mortgage and not surrendered, amount to more than the funds for distribution, the holders of the $9,000 and $500 of notes are in no way affected by the result of this case.

The judgment of the lower court is reversed, with directions to restate its conclusions of law in accordance with the priorities herein found and determined, and render judgment accordingly.

NOTE.—Reported in 24 N. E. (2d) 1006.

## ON PETITION FOR REHEARING

TREMAIN, J.—Upon a petition for rehearing the appellees earnestly insist that this court failed to take into consideration special finding No. 23. They say: "By Finding number 23 the lower Court specifically found as a fact that Charles Burkett and Elmer Conklin have and hold 'a first and prior lien superior to all other liens,' and found as a fact that the Union Trust Company has 'a lien, junior and second to the lien mentioned in A above (Burkett and Conklin lien) but superior to all other liens'."

While the trial court included these statements in its findings of facts, nevertheless, the statements are purely conclusions of law. Other facts found by the court fully disclose the relations of the parties to the transaction. From the facts found, the

court concluded that the parties held liens in the order stated in finding No. 23. Finding No. 23 has no place in the findings. It is well settled that where conclusions of law are embraced in the findings of fact they will be disregarded and treated as surplusage. *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 25 N. E. (2d) 321. A conclusion of law among the facts found has no force. Section 1603, Vol. 2, Watson's Works Practice.

Appellees further complain that appellants' motion for a new trial is not set out in their brief and therefore presents no question for the consideration of this court. It is expressly pointed out in the opinion that: "This cause is presented for consideration solely upon the exceptions of the appellant to the conclusions of law." The decision was based upon these exceptions without the consideration of the motion for a new trial.

The maturity rule has no application to the facts herein involved, for the reason that all of the notes secured by the first mortgage matured at the same time. The second series of notes secured by mortgage upon the same property matured at different times. These maturities, however, did not and could not affect the maturity of the first series until and unless all of the first series of notes has been surrendered and canceled by the second series. The opinion of this court left the first series of notes in exactly their original condition and without the intervention of third parties or any changed conditions. The appellants and Burkett and Conklin are on an equality and entitled to equal priority for the reasons pointed out in the original opinion.

The petition for a rehearing is denied.

NOTE.—Reported in 25 N. E. (2d) 992.