Donald L. REBEL and Charles Reigel, Appellants–Defendants–Counter-claimants,

v.

The NATIONAL CITY BANK OF EV-ANSVILLE, Appellee–Plaintiff–Counter-defendant,

and Lockyear College, Inc. and State of Indiana, Department of State Revenue, Appellees–Defendants.

No. 82A01–9204–CV–94.

Court of Appeals of Indiana, First District.

Sept. 15, 1992.

Frank R. Hahn, Chapman and Hahn, Newburgh, for appellants.

Gregory A. Kahre, Bowers, Harrison, Kent & Miller, Evansville, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Donald L. Rebel and Charles Reigel (collectively "Rebel") appeal the partial summary judgment entered in favor of National City Bank ("Bank") in its foreclosure action.[1] We affirm.

## ISSUES

1. Did the trial court err in determining that two of Lockyear College, Inc.'s ("College") promissory notes to Bank were renewals of prior indebtedness making the Bank's interest in the two notes superior to Rebel's judgment lien?

2. Does the court of appeals have authority to decide a question of law which the trial court did not address in its partial summary judgment?

## FACTS

On October 31, 1984, College executed a mortgage and $100,000 note to Bank to secure a debt. On July 3, 1986, College granted a second mortgage to secure another debt of $275,000. The second mortgage secured a $50,000 line of credit and a $225,000 note ("Note 154441"). The interest rate was 11.75%.

When Note 154441 matured on July 15, 1989, College signed another note, Note 154441R1, for its principal balance. Note 154441R1 required the same interest rate of 11.75% as Note 154441. On July 15, 1990, Note 154441R1 matured and Note 154441R2 replaced it, decreasing the interest rate to 10.75%.

On February 3, 1988, College signed Note 155745 for $50,000 with an 11.5% interest rate, which also was secured by the 1986 mortgage. When Note 155745 matured on February 3, 1989, College executed Note 155745R1 for the principal balance of the 1988 note but increased the interest rate to 13.5%. On February 3, 1990, Note 155745R1 was replaced with Note 155745R2, but the interest rate was decreased to 13%.

Meanwhile, Rebel obtained a $97,000 judgment lien against College on February 23, 1989. College filed bankruptcy on February 19, 1991. The Bank received an order of relief from the automatic stay to allow it to commence this present foreclosure action for College's indebtedness. Rebel was named as a defendant due to the judgment lien Rebel had against College. Bank sought partial summary judgment on Notes 155745R2 and 154441R2, alleging that these two notes were renewals of the original debts which were incurred before Rebel's lien attached in 1989, and therefore, were superior liens. The trial court granted partial summary judgment in favor of Bank on the two notes and ordered foreclosure on the mortgage and a sheriff's sale of the encumbered real estate.

## DISCUSSION AND DECISION

*Issue One*

 Rebel contends that the trial court erred in determining that College's Notes 155745R2 and 154441R2 to Bank

1. Lockyear College, Inc. and State of Indiana are not participating in this appeal.

were renewals. Indiana law on priorities of liens is clear that the taking of a new note and mortgage for the same debt upon the same land will not discharge the lien of the first mortgage unless the parties so intended. *Brenneman Mechanical & Electrical, Inc. v. First National Bank of Logansport* (1986), Ind.App., 495 N.E.2d 233, 241, *trans. denied.* A court considers the circumstances of the transaction and will not permit the release of the old mortgage and the execution and recording of the new mortgage to destroy the lien of the original mortgage when not so intended, or rights of third parties have not intervened, or positions changed. *Farmers & First National Bank of Newcastle v. Citizens State Bank of Newcastle* (1937), 211 Ind. 389, 392, 5 N.E.2d 506, 508. Rebel argues that the notes were not renewals but were new notes because the interest rates were changed. As an intervening lienor, Rebel would have a superior lien if Bank's notes were not renewals.

While considering the effect of a constitutional amendment upon a municipality's debts in *Powell v. City of Madison* (1886), 107 Ind. 106, 114, 8 N.E. 31, 35, our supreme court declared that the issuance of new bonds for payment of an old debt did not constitute new indebtedness. The court further stated that interest that accrues upon principal debt is merely an accessory or incident of the principal debt. *Id.* at 115, 8 N.E. at 35. Once interest accrues, the parties may change the interest's character to that of principal and have interest accrue on the whole amount. *Id.* The municipality issued new bonds in this manner and changed the interest rate on the debt when it renewed the obligation. *Id.* By the court's resolution of the case, the court impliedly held that renewals of debt where the interest rate changes are not deemed new debts. *See id.*

*Bowlus v. The Phenix Insurance Co.* (1892), 133 Ind. 106, 32 N.E. 319 does not support Rebel's argument that a change in the interest rate is a change in the terms of the prior obligation which results in the creation of a new debt. In *Bowlus*, the attorney mistakenly added compounded interest in the renewal mortgage although

the parties intended the debt to remain the same. *Id.* at 112, 32 N.E. at 322. The court held that the misstatement in computing the amount of the incumbrance did not vitiate an insurance policy which had been issued based upon the misstatement concerning the incumbrance. *Id.* It is unreasonable to infer that the *Bowlus* court held that the change of interest made the debt a new one instead of a renewal.

Moreover, Rebel has failed to show that he was harmed by the change in the interest rate. "Unless an intervening lienor changed his position by reason of the release, or something was done to his detriment which caused him to suffer loss, which he would not have suffered if the old mortgage had remained unsatisfied, the original lien has superiority." *Farmers*, 211 Ind. at 393, 5 N.E.2d at 508. In the present case, Notes 155745R2 and 154441R2 decreased the interest rate owed, which improves Rebel's position to collect on its lien from College because College is paying less to Bank.

In light of *Powell* and *Farmers & First National Bank*, we hold that under the circumstances here, a change in the interest rate did not effect a new debt. The prior indebtedness was merely being renewed despite the change in the interest rate. The trial court did not err in finding that Bank's renewals were superior to Rebel's lien.

*Issue Two*

Rebel requests us to decide an issue not addressed by the trial court. Rebel contends that two other notes held by Bank reflect future advances given to College after Rebel's lien attached, and therefore, Rebel's lien is superior to Bank's two other notes. The issue is not preserved for our review. *Citizens National Bank of Tipton v. Indianapolis Auto Auction* (1992), Ind.App., 592 N.E.2d 1256, 1257 (issue not presented to trial court preserves nothing for appellate review).

■■■■ We disagree with Rebel that Ind.Appellate Rule 15(N)(6) is authority for us to review the issue. Although App.R. 15(N) allows an appellate court to direct

final judgment without a new trial, this power is to be utilized only if the court is reviewing a pure question of law or a mixed question of law and fact. *See Miller v. Mayberry* (1989), Ind., 546 N.E.2d 834, 836 (citing *B & R Farm Services, Inc. v. Farm Bureau Mutual Insurance Co.* (1985), Ind., 483 N.E.2d 1076, 1077). Cases involving resolution of disputed material facts should be referred back to the trial court. *Id.* In the present case, material questions of fact are involved, i.e., whether Bank's subsequent loans constituted mandatory or discretionary future advances and whether Bank had actual or constructive notice of Rebel's lien against College. Therefore, it would be inappropriate for us to address Rebel's argument regarding the two other notes held by Bank. We affirm the court's partial summary judgment and remand for further proceedings.

Affirmed and remanded.

BAKER and STATON, JJ., concur.